



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
AIXA RODRIGUEZ

                Plaintiff,

   - against-

INTERNATIONAL LEADERSHIP
CHARTER SCHOOL and ELAINE RUIZ-LOPEZ.

               Defendants.

Index No.

COMPLAINT

---------------------------------------------------------x

      Plaintiff by her attorneys, the Law Offices of Jonathan Weinberger, as and for her complaint respectfully alleges as follows:

### JURISDICTION AND VENUE

1.   This action is brought for Violation of the Right to Free Speech under the First Amendment, 1 U.S.C.A. §1 and 42 U.S.C.A. §1983, and pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1871, 42 USC § 1981 for discrimination based on race, national origin and retaliation, pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.A. §12101 et seq., and the Rehabilitation Act of 1973 (29 USC 791 et seq.) for disability discrimination and retaliation, and to remedy discrimination and retaliation under the New York State Human Rights Law (the "HRL") and the Administrative Code of the City of New York (the "NYCHRL").

2.   Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.

3.   Plaintiff has fully complied with all prerequisites to jurisdiction in this court under applicable law. This Court has jurisdiction over this matter under 42 U.S.C.A. §1983, 42 U.S.C.A.

§§12101 et seq. and under 28 U.S.C.A. §§1331 and 1343(4). Jurisdiction of the claims under the New York State Human Rights Law and the Administrative Code of the City of New York is invoked under the principles of pendent jurisdiction.

4. As the unlawful employment practices complained of herein occurred within the Southern District, venue is proper in this district.

## PARTIES

5. Upon information and belief defendant INTERNATIONAL LEADERSHIP CHARTER SCHOOL, INC. ("ILCS") is a not for profit corporation authorized to do business in the State of New York, with offices in Bronx County where plaintiff worked.

6. Upon information and belief, ILCS is a tuition-free high school located in Bronx, New York, operating under a charter granted by the State University of New York Board of Trustees, pursuant to the New York State Education Law.

7. At all relevant times, Elaine Ruiz-Lopez ("Lopez") was the CEO of ILCS.

8. Defendants are state actors for purposes of 42 U.S.C.A. §1983 and the Rehabilitation Act.

9. Plaintiff at all relevant times was employed by ILCS.

## BACKGROUND

10. Plaintiff began working for defendants in July, 2006.

11. Plaintiff was a teacher.

12. Some of the students who plaintiff taught were special needs students, including disabled students and students needing English as a second language instruction.

13. Defendants were required to accommodate the disabilities and special needs of these

2

§§12101 et seq. and under 28 U.S.C.A. §§1331 and 1343(4). Jurisdiction of the claims under the New York State Human Rights Law and the Administrative Code of the City of New York is invoked under the principles of pendent jurisdiction.

4. As the unlawful employment practices complained of herein occurred within the Southern District, venue is proper in this district.

## PARTIES

5. Upon information and belief defendant INTERNATIONAL LEADERSHIP CHARTER SCHOOL, INC. ("ILCS") is a not for profit corporation authorized to do business in the State of New York, with offices in Bronx County where plaintiff worked.

6. Upon information and belief, ILCS is a tuition-free high school located in Bronx, New York, operating under a charter granted by the State University of New York Board of Trustees, pursuant to the New York State Education Law.

7. At all relevant times, Elaine Ruiz Lopez ("Lopez") was the CEO of ILCS.

8. Defendants are state actors for purposes of 42 U.S.C.A. §1983 and the Rehabilitation Act.

9. Plaintiff at all relevant times was employed by ILCS.

## BACKGROUND

10. Plaintiff began working for defendants in July, 2006.

11. Plaintiff was a teacher.

12. Some of the students who plaintiff taught were special needs students, including disabled students and students needing English as a second language instruction.

13. Defendants were required to accommodate the disabilities and special needs of these

special needs students.

14. Special needs students have individual education plans which set forth the required accommodations and instructional requirements.

15. Plaintiff requested that defendants provide the educational services required for special needs students, including the implementation of the mandated individualized education plans ("IEPS").

16. Defendants failed and refused to provide or implement the IEPS, and provide for the needs of special needs students.

17. Plaintiff complained to Ruiz-Lopez that she was treating the special needs students in a discriminatory manner by preventing plaintiff and other teachers from accommodating and properly instructing the special needs students and by otherwise discriminating against the special needs students and creating a hostile environment.

18. Plaintiff complained about significant and or serious problems concerning the curriculum, scheduling, implementation of ILCS's charter, the academic calendar, the work and learning environment, relations with staff, performance evaluations, timekeeping for and compensation for teachers, staff and student turnover, lack of proper certification for teachers, and disciplinary policy towards students.

19. On or about November 9, 2006, plaintiff wrote a letter to VESID, Special Education Quality Assurance, of the New York State Department of Education regarding defendants' improper and discriminatory treatment of special needs students, regarding the provision of special education program and services, and the improper and illegal conduct of defendants.

20. Plaintiff complained that students were not receiving special education program

services as per IEP recommendation, and that students recommended for bilingual instruction English as Second Language ("ESL") services were not receiving the appropriate services as per IEP requirement.

21. Plaintiff complained that teacher requests for IEPS for students were denied.

22. Plaintiff complained that students were not receiving speech services as per IEP recommendation.

23. Plaintiff complained that teachers were not informed of their responsibilities with regard to implementing the IEPS and specific accommodations, modifications and supports that needed to be provided to students.

24. Plaintiff complained that students were suspended and expelled without appropriate due process, and that students suspended were not provided with alternative instruction.

25. On or about, November 27, 2006 representatives from the New York State Department of Education visited ILCS to investigate plaintiff's complaints.

26. On or about November 27, 2006, defendants were advised that it was plaintiff who had filed the complaint regarding the improper and discriminatory treatment of the special needs students.

27. On or about December 15, 2006, defendants fired plaintiff in retaliation for her complaints of discriminatory and illegal conduct.

28. After conducting an investigation, by written decision on January 19, 2007, VESID found that plaintiff's complaints were substantiated, and directed defendants to take corrective action.

29. At all relevant times, defendants were notified of the above complaints.

4

30. At all relevant times, defendants retaliated against plaintiff, during and subsequent to her firing, and created a hostile environment towards plaintiff.

31. As a result of defendants' discriminatory and unlawful acts and retaliatory acts, including but not limited to those described above, and the hostile environment created thereby, plaintiff has suffered and will continue to suffer monetary damages and damage unless and until this court grants relief.

## FIRST COUNT

32. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

33. The above acts and practices of defendants constitute unlawful conduct and a violation of plaintiff's First Amendment rights, pursuant to 42 U.S.C.A. §1983.

## SECOND COUNT AGAINST ILCS

34. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

35. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on race, national origin, hostile environment and retaliation, in violation of Title VII.

## THIRD COUNT AGAINST ILCS

36. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

37. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability, hostile environment and retaliation, in violation of the

American with Disabilities Act.

## FOURTH COUNT AGAINST ILCS

38. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

39. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability, hostile environment and retaliation, in violation of the Rehabilitation Act.

## FIFTH COUNT

40. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

41. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability, race, national origin, hostile environment and retaliation, in violation of the New York State Human Rights Law.

## SIXTH COUNT

42. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

43. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability, race, national origin, hostile environment and retaliation, in violation of the New York City Human Rights Law.

## SEVENTH COUNT

44. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

45. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on race, national origin, hostile environment and retaliation, in violation of 42 USC §1981.

WHEREFORE, plaintiff respectfully requests that this court grant the following relief:

1. Enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, the State of New York and the City of New York, and for such other affirmative relief as may be necessary to redress the effects of Defendants' discriminatory and illegal acts, including damages for wages, pain and suffering, compensatory damages, punitive damages, liquidated damages, attorney's fees, cost and disbursements, and legal interest thereon.
2. A money judgment, in an amount to be determined at trial, for the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of Defendants' illegal practices and activities.
3. A money judgment, in an amount to be determined at trial, for punitive damages.
4. Award plaintiff the cost of this action together with reasonable attorneys' fees.
5. Grant plaintiff such other and further relief as to this court appears just and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Law Offices of Jonathan Weinberger
Attorneys for Plaintiff

BY: _____
(JW-2425)
880 Third Avenue, 13th Fl.
New York, New York 10022
(212) 752-3380

7