HUGHES HUBBARD & REED LLP
Jason Habinsky
Alexander Bogdan
One Battery Park Plaza
New York, New York  10004-1482
Telephone:  (212) 837-6000

*Attorneys for Defendants International Leadership*
*Charter School and Elaine Ruiz Lopez*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIXA RODRIGUEZ,<br><br>                              Plaintiff,<br><br>             -against-<br><br>INTERNATIONAL LEADERSHIP<br>CHARTER SCHOOL AND ELAINE RUIZ-<br>LOPEZ,<br><br>                              Defendant. | Index No.:  08 CV 01012 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS INTERNATIONAL
LEADERSHIP CHARTER SCHOOL AND ELAINE RUIZ-LOPEZ'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**

60323873_4.DOC

## **Table of Contents**

Page

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ...................................................................... 1

ARGUMENT ..................................................................................... 2

I.    PLAINTIFF'S CAUSES OF ACTION FOR RETALIATION UNDER
      THE ADA AND REHABILITATION ACT SHOULD BE DISMISSED
      FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES .................. 4

II.   PLAINTIFF'S CAUSES OF ACTION FOR VIOLATIONS OF THE
      NYSHRL AND NYCHRL SHOULD BE DISMISSED BECAUSE OF
      PLAINTIFF'S FAILURE TO COMPLY WITH THE NOTICE OF
      CLAIM REQUIREMENTS OF NEW YORK EDUCATION LAW
      SECTION 3813 ......................................................................... 6

III.  PLAINTIFF HAS FAILED TO STATE CAUSES OF ACTION FOR
      RETALIATION BASED ON RACE AND NATIONAL ORIGIN
      UNDER TITLE VII, SECTION 1981, THE NYSHRL, OR THE
      NYCHRL ................................................................................. 8

      A.    PLAINTIFF FAILED TO ALLEGE THAT SHE COMPLAINED OF
            ACTIVITY PROTECTED BY TITLE VII ..................................... 9

      B.    PLAINTIFF FAILED TO ALLEGE THAT SHE ENGAGED IN
            ACTIVITY PROTECTED BY SECTION 1981 .............................. 10

      C.    PLAINTIFF'S COMPLAINTS WERE NOT OPPOSING
            DISCRIMINATION BASED UPON RACE OR NATIONAL ORIGIN ...... 12

IV.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
      VIOLATION OF SECTION 1983 FOR VIOLATION OF HER FIRST
      AMENDMENT RIGHTS ............................................................... 13

      A.    DEFENDANTS DID NOT ACT "UNDER COLOR OF LAW" WHEN
            THEY TERMINATED PLAINTIFF'S EMPLOYMENT ...................... 14

      B.    PLAINTIFF'S SPEECH WAS NOT PROTECTED UNDER THE FIRST
            AMENDMENT .................................................................... 16

V.    PLAINTIFF'S CLAIMS UNDER TITLE VII, THE ADA, AND THE
      REHABILITATION ACT AGAINST DEFENDANT LOPEZ SHOULD
      BE DISMISSED BECAUSE INDIVIDUAL DEFENDANTS MAY NOT
      BE HELD LIABLE UNDER THESE STATUTES ................................... 19

CONCLUSION ................................................................................... 19

i

**Table of Authorities**

Page(s)

**CASES**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)......................................................13

*Albert v. Carovano*, 851 F.2d 561 (2d. Cir. 1998)........................................................11

*Amron v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338 (2d Cir. 2006).....................3

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, ___ U.S. ___ (2007).............................2, 3

*Biggers v. Brookhaven-Comsewogue Union Free Sch. Dist.*, 127 F. Supp. 2d 452
    (E.D.N.Y. 2001)......................................................................................................7

*Blake v. Bronx Lebanon Hosp. Ctr.*, No. 02 Civ. 3827 (DAB), 2007 U.S. Dist. LEXIS
    75770 (S.D.N.Y. Oct. 10, 2007) ............................................................................8

*Boyce-Idlett v. Verizon Corporate Servs. Corp.*, No. 06 Civ. 975 (DAB) (KNF), 2007
    U.S. Dist. LEXIS 64819 (S.D.N.Y. Aug. 30, 2007)..............................................2, 3

*Brenes v. City of N.Y.*, 2007 U.S. Dist. LEXIS 84737 (E.D.N.Y. Nov. 9, 2007) ...........17

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001)..................14

*CBOCS West, Inc., v. Humphries*, 128 S. Ct. 1951, 533 U.S. ___ (2008)......................11

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*, No. CV-07-0635-PHX-FJM, 2007 U.S.
    Dist. LEXIS 95151 (D. Ariz. Dec. 17, 2007) ............................................14, 15, 16

*Cerrato v. Durham*, 941 F. Supp. 388 (S.D.N.Y. 1996)...............................................19

*Darcy v. Lippman*, No. 03 CV 6898 (KMW)(DCF), 2008 U.S. Dist. LEXIS 1817
    (S.D.N.Y. Mar. 10, 2008) ......................................................................................19

*Delgado v. Triborough Bridge and Tunnel Auth.*, 485 F. Supp. 2d 453 (S.D.N.Y. 2007)............8

*Diprojetto v. Morris Protective Serv.*, 489 F. Supp. 2d 305 (W.D.N.Y. 2007).....................3, 4, 5

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006) ...........................................10

*Drees v. County of Suffolk*, No. 06-CV-3298 (JFB) (ETB), 2007 U.S. Dist. LEXIS 46618
    (E.D.N.Y. June 27, 2007) ........................................................................................6

*Evans v. Kansas City, Mo. Sch. Dist.*, 65 F.3d 98 (8th. Cir. 1995).............................9, 11

60323873_4.DOC

**Table of Authorities**

(Continued)

Page(s)

*Floyd v. Mount Sinai Med. Ctr. Pers. Dir.*, No. 04 Civ. 556 (NRB), 2005 U.S. Dist.
LEXIS 4010 (S.D.N.Y. Mar. 14, 2005) ................................................................................6

*Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276 (2d Cir. 1998) .........................12

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) ...................................................................16, 17, 18

*Hardy v. N.Y. City Health and Hosps. Corp.*, 164 F.3d 789 (2d. Cir. 1999) ...............................7

*Hassan v. N.Y. City Off Track Betting Corp.*, No. 05 Civ. 9677 (LAK)(KNF), 2006 U.S.
Dist. LEXIS 88162 (S.D.N.Y. Nov. 30, 2006) ...................................................................5

*Hatcher v. Conifer Realty, LLC*, No. 1:04-CV-1872, 2007 U.S. Dist. LEXIS 80214 (M.D.
Pa. Oct. 30, 2007) ................................................................................................................10

*Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d. Cir. 1998) ......................................10, 11

*Hill v. Chi. Bd. of Educ.*, No. 02 C 3534, 2004 U.S. Dist. LEXIS 5703 (N.D. Ill. Mar. 24,
2004) ....................................................................................................................................9

*Hogarth v. N.Y. City Health & Hosps. Corp.*, No. 97 Civ. 0625 (DAB), 2000 U.S. Dist.
LEXIS 4590 (S.D.N.Y. Apr. 12, 2000) ..............................................................................4

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ..........................................................................2

*Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974) ................................................................14

*Joseph v. Am. Works, Inc.*, No. 01 Civ. 8287 (DC), 2002 U.S. Dist. LEXIS 9075
(S.D.N.Y. May 21, 2002) ....................................................................................................5

*Khaleel v. Metro One Loss Prevention Serv. Groups.*, 469 F. Supp. 2d 130 (S.D.N.Y
2007) ....................................................................................................................................8

*Lamb-Bowman v. Del. State Univ.*, 152 F. Supp. 2d 553 (D. De. 2001) .....................................10

*Lockett v. Bayer Healthcare*, No. C 05-03978 (CRB), 2008 U.S. Dist. LEXIS 16173
(N.D. Cal. Mar 3, 2008) ......................................................................................................12

*Marcelin v. Eckerd Corp. of Fla.*, No. 8:04-CV-491-T-17MAP, 2006 U.S. Dist. LEXIS,
18097 (M.D. Fla. Apr. 10, 2006) ........................................................................................12

*McNealy v. N.Y. Pub. Library*, 96 Civ. 3023 (DAB), 1997 U.S. Dist. LEXIS 15014
(S.D.N.Y. Oct 1, 1997) ........................................................................................................6

**Table of Authorities**
(Continued)

Page(s)

*Nagy v. Bayport Bluepoint Union Free Sch. Dist.*, No. 05 CV 3808 (DRH) (ARL), 2007 U.S. Dist. LEXIS 9809 (E.D.N.Y Jan. 13, 2007) ...............................................................8

*O'Dea v. Shea*, No. 3:04-cv-1214 (CFD), 2007 U.S. Dist. LEXIS 65101 (D. Conn. Sep. 4, 2007) ...........................................................................................................................17

*Oparaji v. N.Y. City Dep't of Educ.*, No. 03 CV 4105 (NG) (VVP), 2005 U.S. Dist. LEXIS 13043 (E.D.N.Y. June 14, 2005) ...................................................................7, 8, 10

*Pagani v. Meriden Bd. of Educ.*, 2006 U.S. Dist. LEXIS 92267 (D. Conn. Dec. 19, 2006) .........18

*Parochial Bus Sys., Inc. v. Bd. of Educ. of the City of N.Y.*, 60 N.Y.2d 539 (1983) .......................7

*Pearson v. Bd. of Educ.*, 499 F. Supp. 2d 575 (S.D.N.Y. 2007)......................................................18

*Phillips v. Mabe*, 367 F. Supp. 2d 861 (M.D.N.C. 2005) ..............................................................11

*Racker v. St. Bonaventure Univ.*, No. 04-CV-00125C, 2005 U.S. Dist. LEXIS 32110 (W.D.N.Y. June 26, 2005) .......................................................................................................8

*Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) ...............................................................14, 15, 16

*Santiago v. Newburgh Enlarged City Sch. Dist.*, 434 F. Supp. 2d 193 (S.D.N.Y. 2006)................7

*Scaggs v. N.Y. State Dep't. of Educ.*, No. 06-CV-0799, 2007 U.S. Dist. LEXIS 35860 (E.D.N.Y. May 16, 2007) ............................................................................................ *passim*

*Tomka v. Seiler*, 66 F.3d 1295 (2d Cir. 1995)................................................................................19

*Weathers v. Millford Cent. Sch. Dist.*, 428 F. Supp. 2d 180 (S.D.N.Y. 2006) ............................7,8

*Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689 (5th Cir. 2007) ...............................................17

*Wimmer v. Suffolk County Police Dep't*, 176 F.3d 125 (2d. Cir. 1999) ....................................9, 12

*Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217 (2d Cir. 2006).......................................................13

**STATUTES AND RULES**

42 U.S.C. § 1981 .......................................................................................................... *passim*

42 U.S.C. § 1983 .......................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(1).......................................................................................................1, 3

Fed. R. Civ. P. 12(b)(6).................................................................................................1, 2, 3, 4

**Table of Authorities**
(Continued)

Page(s)

N.Y. Civ. Serv. L. § 200 ................................................................................................15

N.Y. Educ. Law § 2850(2) ..........................................................................................15

N.Y. Educ. Law § 2853(1)(c) .......................................................................................7

N.Y. Educ. Law § 2854(3) ..........................................................................................15

N.Y. Educ. Law § 2854(3)(c) .......................................................................................15

N.Y. Educ. Law §§ 2856(1), (3) ...................................................................................15

N.Y. Educ. Law § 3813 ..............................................................................................3, 6

N.Y. Educ. Law § 3813[1] ............................................................................................6

v

## PRELIMINARY STATEMENT

Plaintiff has alleged causes of action for retaliation based on race, national origin, and disability discrimination pursuant to Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and 42 U.S.C. § 1981 ("§ 1981") and a cause of action for violation of her First Amendment rights pursuant to 42 U.S.C. § 1983 ("§ 1983") against the International Leadership Charter School and Dr. Elaine Ruiz Lopez (collectively, "Defendants").[1]  Plaintiff's Complaint should be dismissed in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for her failure to exhaust her administrative remedies, failure to comply with the Notice of Claim requirements of the New York Education Law, and for her failure to state a cause of action.

## STATEMENT OF FACTS

The International Leadership Charter School (the "School") is a tuition free high school operating under a charter granted pursuant to the New York State Education Law. (Compl. ¶6.)  Defendant Dr. Elaine Ruiz Lopez ("Dr. Lopez") is the School's CEO.  (*Id.* ¶7.) Plaintiff was employed by the School from July 2006 until her termination on December 15, 2006.  (*Id.* at ¶¶10, 27.)  Plaintiff was terminated for cause following a documented history of insubordination, inappropriate behavior, and misconduct.

Plaintiff alleges that she complained to a state agency about the School's treatment of certain students.  (*Id.* at ¶19.)  Plaintiff alleges that she complained, *inter alia*, that

---

1. Plaintiff's Complaint also states causes of action for "unlawful discriminatory employment practices" and "hostile environment."  (Compl. ¶¶ 35, 37, 39, 41, 43, 45.)  However, at a pre-motion conference before this Court, Plaintiff's counsel represented that Plaintiff was only bringing claims for retaliation and not claims based on any direct discrimination against her.  (Pre-Mot. Conf. Hr'g Tr. 4:22-5:3, June 10, 2008, attached as Exhibit D to Bogdan Aff.)  Therefore, Defendants have not addressed these causes of action in this Motion.

"students were not receiving special education program services . . . and that students

recommended for bilingual instruction English as [a] Second Language ("ESL") services were

not receiving the appropriate services. . . ." (*Id.* at ¶20.) Plaintiff alleges that these complaints

were the reason for her termination by the School on December 15, 2006. (*Id.* at ¶27.) In March

2007, Plaintiff filed a complaint with the New York State Human Rights Division ("NYSHRD")

and the Equal Employment Opportunity Commission ("EEOC") alleging violations of the

NYSHRL and Title VII. (Aff. of Alexander Bogdan ("Bogdan Aff.") Ex. A) On or about

September 17, 2007 the NYSHRD dismissed Plaintiff's complaint on the grounds of

administrative convenience. (Bogdan Aff. Ex. B.) The NYSHRD noted in its Determination and

Order of Dismissal that in addition to Plaintiff's state claims, her charge was also filed under

Title VII and that enforcement of Title VII is the responsibility of the EEOC. (*Id.*) On

November 6, 2007 the EEOC issued Plaintiff a Dismissal and Notice of Rights. (*See* Bogdan

Aff. Ex. C.)

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a

complaint where a plaintiff has not alleged "enough facts to state a claim to relief that is

plausible on its face." *Boyce-Idlett v. Verizon Corporate Servs. Corp.,* No. 06 Civ. 975 (DAB)

(KNF), 2007 U.S. Dist. LEXIS 64819, at *8 (S.D.N.Y. Aug. 30, 2007) (quoting *Bell Atl. Corp. v.

Twombly*, 127 S. Ct. 1955, 1974, ___ U.S. ___, (2007)). This "flexible 'plausibility standard,' []

obliges a pleader to amplify a claim with some factual allegations in those contexts where such

amplification is needed to render the claim *plausible.*" *Id.* (quoting *Iqbal v. Hasty*, 490 F.3d 143,

157-58 (2d Cir. 2007)) (brackets in original). The court may consider facts alleged on the face of

the complaint and "any documents attached [to the complaint] as exhibits or incorporated by

reference." *Id.* at 9. Though the court must accept as true all the allegations in the complaint and "draw all reasonable inferences in favor of the non-mov[ing party]" there still must be enough "[f]actual allegations . . . to raise a right to relief above the speculative level. *Id.* at *8-9 (quoting *Bell Atl. Corp.*, 127 S. Ct. at 1965). Stated another way, "a [p]laintiff must allege those facts necessary to a finding of liability." *Scaggs v. N.Y. State Dep't. of Educ.*, No. 06-CV-0799, 2007 U.S. Dist. LEXIS 35860, at *40 (E.D.N.Y. May 16, 2007) (quoting *Amron v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338, 344 (2d Cir. 2006)). "[B]ald assertions and conclusions of law will not suffice." *Scaggs*, 2007 U.S. Dist. LEXIS 35860, at *40 (citations omitted).

A plaintiff also has the burden to establish the court's subject matter jurisdiction over her claims. *Diprojetto v. Morris Protective Serv.*, 489 F. Supp. 2d 305, 306-07 (W.D.N.Y. 2007). While the court must accept all factual allegations as true, the court may consider evidence outside the pleadings to determine whether it has jurisdiction to hear a plaintiff's claim. *Id.* at 307. The jurisdictional question must be decided before a court may consider the merits of a claim. *Id.*

Plaintiff's complaint should be dismissed in its entirety for the following reasons: (i) Plaintiff's causes of action arising under the ADA and Rehabilitation Act should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for her failure to exhaust her administrative remedies; (ii) Plaintiff's cause of action arising under the NYSHRL and NYCHRL should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for her failure to comply with the Notice of Claim requirements of New York Education Law Section 3813; (iii) Plaintiff's causes of action for retaliation based on race or national origin under Title VII, § 1981, the NYSHRL, and NYCHRL should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for her failure to allege that she engaged in activity protected by these statutes; (iv) Plaintiff's cause of action under § 1983 for violation

of her First Amendment rights should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because

Defendants did not act under the color of law in terminating Plaintiff and because Plaintiff's

alleged speech is not protected by the First Amendment; and (v) Plaintiff's claims under Title

VII, the ADA, and the Rehabilitation Act against Dr. Lopez should be dismissed because claims

may not be brought against an individual under those statutes.

**I.    PLAINTIFF'S CAUSES OF ACTION FOR RETALIATION UNDER THE ADA AND REHABILITATION ACT SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

Prior to commencing an action for violation of the ADA or Rehabilitation Act, a

plaintiff must first "exhaust the administrative remedies" by filing a charge with the Equal

Employment Opportunity Commission ("EEOC"). *Hogarth v. N.Y. City Health & Hosps. Corp.*,

No. 97 Civ. 0625 (DAB), 2000 U.S. Dist. LEXIS 4590, at *9-10 (S.D.N.Y. Apr. 12, 2000)

(collecting cases). Only after the EEOC has completed its investigation of a plaintiff's claim and

has issued a plaintiff a "right to sue letter" may a plaintiff commence a lawsuit on those claims.

*Diprojetto*, 489 F. Supp. 2d at 307.

A plaintiff may only bring suit for claims that were raised first with the EEOC.

*Id.* An exception exists that would allow a plaintiff to bring suit for claims that were not brought

in front of the EEOC if those claims are "reasonably related to [the] allegations in [the

administrative] charge."[2]  *Id.* A claim is reasonably related to the allegations in an administrative

complaint if the administrative complaint would give the EEOC "adequate notice to investigate

[the] discrimination" alleged for the first time in the federal lawsuit. *Id.*

---

[2] There are two other types of "reasonably related" claims – (1) a claim by an employee who claims retaliation for the filing of the administrative charge with the EEOC or the NYHRD; and (2) further alleged discriminatory events happening after the filing of the EEOC that are carried out in precisely the same manner, *Diprojetto*, 489 F. Supp 2d at 308 n.1, neither of which is applicable here.

Plaintiff here has failed to exhaust her administrative remedies as to her claims under the ADA and the Rehabilitation Act. At no time did the NYSHRD or EEOC indicate that it treated Plaintiff's administrative complaint as alleging violations of the ADA or Rehabilitation Act. Plaintiff filed a complaint with the NYSHRD and EEOC in March 2007 charging the School with violations of the NYSHRL and Title VII. (Bogdan Aff. Ex. A.) Served on the School along with the NYSHRD complaint was a Notice of Charge of Discrimination from the EEOC notifying the School that a charge had been made against it under Title VII, by marking an "X" next to Title VII. (*Id.*) Conspicuously there is no "X" marked next to the ADA on the Notice. (*Id.*) In September 2007, the NYSHRD dismissed Plaintiff's administrative complaint under the NYSHRL and informed Plaintiff that the EEOC is responsible for investigating her parallel allegations under Title VII. (Bogdan Aff. Ex. B.) The EEOC subsequently dismissed Plaintiff's charge in November 2007. (Bogdan Aff. Ex. C.)

Plaintiff's administrative complaint alleging violation of the NYSHRL and Title VII did not give the agency "adequate notice to investigate discrimination" under the ADA or Rehabilitation Act. *Diprojetto*, 489 F. Supp. 2d at 308. Nowhere does the NYSHRD or the EEOC indicate that it ever treated Plaintiff's complaint as alleging violations of the ADA or Rehabilitation Act. (*See* Bogdan Aff. Ex. B, C.) Numerous courts in this Circuit have dismissed claims for discrimination based on disability when, like here, the administrative complaint only alleged a violation of Title VII. *See, e.g., Hassan v. N.Y. City Off Track Betting Corp.*, No. 05 Civ. 9677 (LAK)(KNF), 2006 U.S. Dist. LEXIS 88162, at *7-8 (S.D.N.Y. Nov. 30, 2006) (finding that plaintiff had not exhausted his administrative remedies under the ADA when he exhausted his administrative remedies for his retaliation claim under Title VII); *Joseph v. Am. Works, Inc.*, No. 01 Civ. 8287 (DC), 2002 U.S. Dist. LEXIS 9075, at *15-16 (S.D.N.Y. May 21,

2002) (holding that claims for retaliation and discrimination under the ADA were not reasonably related to Title VII claims raised in administrative complaint); *McNealy v. N.Y. Pub. Library*, 96 Civ. 3023 (DAB), 1997 U.S. Dist. LEXIS 15014, at *7-8 (S.D.N.Y. Oct 1, 1997) (finding that an "allegation of discrimination on the basis of a disability involves an entirely different statutory scheme" than racial discrimination under Title VII). *Cf. Floyd v. Mount Sinai Med. Ctr. Pers. Dir.*, No. 04 Civ. 556 (NRB), 2005 U.S. Dist. LEXIS 4010, at *22 (S.D.N.Y. Mar. 14, 2005) (stating that "nothing in a disability claim suggests potential racial discrimination" in dismissing claim under Title VII for failure to exhaust administrative remedies when only ADA claim was raised in administrative complaint).

Plaintiff has failed to exhaust her administrative remedies as to her claims under the ADA and Rehabilitation Act and therefore those causes of action should be dismissed.

**II.    PLAINTIFF'S CAUSES OF ACTION FOR VIOLATIONS OF THE NYSHRL AND NYCHRL SHOULD BE DISMISSED BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH THE NOTICE OF CLAIM REQUIREMENTS OF NEW YORK EDUCATION LAW SECTION 3813.**

New York requires that a plaintiff must serve a Notice of Claim on a school and its officials within 90 days of the alleged incident that caused the plaintiff's injury as a condition precedent to commencing a lawsuit. N.Y. Educ. Law § 3813[1]. The purpose of the Notice of Claim requirement "is to give [the] school district prompt notice of claims so that investigations may be made before it is too late for investigation to be efficient." *Scaggs*, 2007 U.S. Dist. LEXIS 35860, at *68 (internal quotation marks and citations omitted).

The Notice of Claim requirements are strictly construed and "[f]ailure to comply with these requirements ordinarily requires dismissal for failure to state a cause of action." *Drees v. County of Suffolk*, No. 06-CV-3298 (JFB) (ETB), 2007 U.S. Dist. LEXIS 46618, at *44 (E.D.N.Y. June 27, 2007) (quoting *Hardy v. N.Y. City Health and Hosps. Corp.*, 164 F.3d 789,

6

193-94 (2d. Cir. 1999)); *see Santiago v. Newburgh Enlarged City Sch. Dist.*, 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006) ("none of plaintiff's state law claims is cognizable because plaintiff has not filed a notice of claim . . . therewith"); *Parochial Bus Sys., Inc. v. Bd. of Educ. of the City of N.Y.*, 60 N.Y.2d 539, 549 (1983) ("The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been 'presented to the governing body,' and this court may not disregard its pronouncement." (citations omitted)). It is well-settled that the Notice of Claim requirement is not met by the filing of a complaint with an administrative agency, such as the EEOC. *See, e.g., Santiago*, 434 F. Supp. 2d at 196 n.1 (collecting cases). Nor is it enough that a school be made aware of the facts underlying a potential claim, "[w]hat the statute exacts is a notice of claim." *Biggers v. Brookhaven-Comsewogue Union Free Sch. Dist.*, 127 F. Supp. 2d 452, 456 (E.D.N.Y. 2001) (citing *Parochial Bus Sys., Inc.*, 60 N.Y.2d at 548).

Both the School, as a school granted a charter pursuant to the New York Education Law, and Dr. Lopez, its CEO, are covered by this Notice of Claim requirement. *Scaggs*, 2007 U.S. Dist. LEXIS 35860, at *69 n.17; N.Y. Educ. Law § 2853(1)(c). Plaintiff has not alleged because she cannot allege that she served a timely Notice of Claim on Defendants for her alleged injuries under the NYSHRL and NYCHRL. Plaintiff has not met the Education Law's requirement that "it appear from the face of the complaint that plaintiff filed a timely notice of claim." *Santiago*, 434 F. Supp. 2d at 196. Therefore, her claims arising under these statutes should be dismissed with prejudice for her failure to comply with a condition precedent to bringing these claims in this Court. *See Oparaji v. N.Y. City Dep't of Educ.*, No. 03 CV 4105 (NG) (VVP), 2005 U.S. Dist LEXIS 13043, at *34-35 (E.D.N.Y. June 14, 2005) (dismissing State Law claims for failure to file a notice of claim); *Weathers v. Millford Cent. Sch. Dist.*, 428

F. Supp. 2d 180, 187 (S.D.N.Y. 2006) (same); *Nagy v. Bayport Bluepoint Union Free Sch. Dist.*,

No. 05 CV 3808 (DRH) (ARL), 2007 U.S. Dist. LEXIS 9809, at *17 (E.D.N.Y Jan. 13, 2007)

(granting summary judgment because plaintiff failed to file a notice of claim).

### III.    PLAINTIFF HAS FAILED TO STATE CAUSES OF ACTION FOR RETALIATION BASED ON RACE AND NATIONAL ORIGIN UNDER TITLE VII, SECTION 1981, THE NYSHRL, OR THE NYCHRL.

Plaintiff has brought causes of action for retaliation based on race and national

origin[3] under Title VII, § 1981, NYSHRL, and NYCHRL.  Plaintiff's causes of action for

retaliation based on race and national origin should be dismissed because she has failed to allege

that she engaged in activity protected by these statutes.

To state a retaliation claim based upon race or national origin, a plaintiff must

allege facts tending to demonstrate that: (1) she engaged in protected activity; (2) her employer

was aware of this; (3) she suffered an adverse employment action; and (4) there is a causal

connection.  *Khaleel v. Metro One Loss Prevention Serv. Groups.*, 469 F. Supp. 2d 130, 134

(S.D.N.Y 2007);  *Delgado v. Triborough Bridge and Tunnel Auth.*, 485 F. Supp. 2d 453, 463

(S.D.N.Y. 2007); *Racker v. St. Bonaventure Univ.*, No. 04-CV-00125C, 2005 U.S. Dist. LEXIS

32110, at * 26 (W.D.N.Y. June 26, 2005); *Blake v. Bronx Lebanon Hosp. Ctr.*, No. 02 Civ. 3827

(DAB), 2007 U.S. Dist. LEXIS 75770, at *29-30 (S.D.N.Y. Oct. 10, 2007) ("The same standards

that apply to Title VII and Section 1981 employment discrimination claims are applicable to

claims brought under the . . . [NYSHRL] and the . . . [NYCHRL].").  To show that she engaged

in protected activity, Plaintiff need not prove the underlying discrimination, however, her belief

---

3. Plaintiff has brought a cause of action for retaliation based on national origin under § 1981.  (Compl. ¶45.)
However, claims based on national origin are not actionable under Section 1981.  *Oparaji*, 2005 U.S. Dist. LEXIS
13043, at *26.  Therefore, Plaintiff's cause of action under § 1981 for retaliation based on national origin should be
dismissed.

8

that she was opposing unlawful activity must be reasonable. *Wimmer v. Suffolk County Police Dep't*, 176 F.3d 125, 134 (2d. Cir. 1999).

### A.    PLAINTIFF FAILED TO ALLEGE THAT SHE COMPLAINED OF ACTIVITY PROTECTED BY TITLE VII.

Not every act by an employee in opposition to racial discrimination is protected by Title VII. *Id.* at 135. To state a cause of action for retaliation under Title VII a Plaintiff must show that she was retaliated against because of complaints about discriminatory *employment practices*, not discriminatory behavior in general. *Id.* Title VII "is not a general bad acts statute. Rather the conduct it prohibits is specifically set forth." *Id.* (citation omitted). "The specific evil at which Title VII was directed was not the eradication of all discrimination by private individuals, undesirable though it is, but the eradication of discrimination by employers against employees." *Id.*

Here, even assuming *arguendo* that Plaintiff had a reasonable belief that the school's practices were discriminating against students because of their race or national origin, which she could not have as discussed in Section III.C *infra*, Plaintiff has not alleged that she opposed unlawful employment practices. The behavior that she allegedly complained of was the treatment of students at the school, not discriminatory treatment of herself or other teachers or employees. (*See* Compl. ¶¶ 17-24.) These allegations are insufficient to maintain a cause of action for retaliation under Title VII. *See Wimmer*, 176 F.3d at 135 ("[Plaintiff] could not have reasonably believed that [she] was opposing an employment practice because the evidence does not address racial discrimination in an employment practice."); *Evans v. Kansas City, Mo. Sch. Dist.*, 65 F.3d 98, 101 (8th. Cir. 1995) (retaliation claim dismissed where alleged complaint addressed discrimination against students and not "discriminatory employment practice"); *Hill v. Chi. Bd. of Educ.*, No. 02 C 3534, 2004 U.S. Dist. LEXIS 5703, at *28-33 (N.D. Ill. Mar. 24,

9

2004) (plaintiff could not have had a reasonable belief that complaints of student to student discrimination were protected by Title VII, because they did not address unlawful employment practices); *Lamb-Bowman v. Del. State Univ.*, 152 F. Supp. 2d 553, 561 n.17 (D. De. 2001) ("Advocacy of students' rights is simply not prohibited by Title VII"); *Hatcher v. Conifer Realty, LLC*, No. 1:04-CV-1872, 2007 U.S. Dist. LEXIS 80214, at *13 (M.D. Pa. Oct. 30, 2007) ("[Plaintiff] cannot maintain a Title VII retaliation claim [because] the . . . allege[d] . . . discriminatory [conduct was not] taken against an employee").

Therefore, Plaintiff's cause of action under Title VII for retaliation should be dismissed because Plaintiff failed to allege that she complained of activity protected by the statute.

### B.    PLAINTIFF FAILED TO ALLEGE THAT SHE ENGAGED IN ACTIVITY PROTECTED BY SECTION 1981.

To state a claim for retaliation under § 1981, a plaintiff must show that the activity she complained of is protected under § 1981. *Oparaji*, 2005 U.S. Dist LEXIS 13043 at *25; *Hawkins v. 1115 Legal Serv. Care*, 163 F. 3d 684, 693 (2d. Cir. 1998) ("to be actionable under § 1981, the retaliation must have been in response to the claimant's assertion of rights that were protected by § 1981"). Section 1981 prohibits "discrimination on the bases of race or alienage with respect to the enjoyment of benefits, privileges, terms, and conditions of any contractual relationship. . . ." *Oparaji*, 2005 U.S. Dist LEXIS 13043 at *26; 42 U.S.C. § 1981; *see Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 475 (2006) ("[Section] 1981 . . . has a specific function:  It protects the equal right of all persons within the jurisdiction . . . to make and enforce contracts without respect to race.").

Courts will dismiss a retaliation claim where the plaintiff has failed to allege that the behavior the plaintiff allegedly complained about was activity protected under § 1981. *See,*

10

*e.g., Evans*, 65 F.3d at 101 (dismissing a retaliation claim brought under § 1981 based on complaints of racial discrimination against students); *Hawkins*, 153 F. 3d at 693 (dismissing a retaliation claim under § 1981 where plaintiff complained about gender discrimination); *Albert v. Carovano*, 851 F.2d 561, 573 (2d. Cir. 1998) ("plaintiff[s] may [not] bring a Section 1981 action for retaliation by another as a consequence of the plaintiff's support of political or other causes favored by minorities").

Where, as here, plaintiff's allegations do not "encompass[] a complaint of retaliation against a person who has complained about a violation of another person's contract-related 'right'" her complaint should be dismissed. *CBOCS West, Inc., v. Humphries*, 128 S. Ct. 1951, 533 U.S. ___, ___ (2008). While the Supreme Court has recently concluded that § 1981 allows a plaintiff to bring a claim for retaliation generally, the Court's holding presupposes the existence of an underlying contractual relationship. *See id.* Plaintiff here has alleged that she was retaliated against based on complaints she made regarding the treatment of students at the School. Nowhere does she complain that Defendants in any way interfered with the enjoyment of the benefits, privileges, terms, and conditions of any contractual relationship or with the enforcement of any contractual right. *See* 42 U.S.C. § 1981; *Phillips v. Mabe*, 367 F. Supp. 2d 861, 870 (M.D.N.C. 2005) (dismissing Section § claim where Plaintiff failed to identify "any specific right under § 1981 of a minority that Plaintiff tried to vindicate")

Plaintiff's cause of action for retaliation under § 1981 should be dismissed because Plaintiff has failed to allege that she complained about activity protected under the statute.

60323873_4.DOC

### C.    PLAINTIFF'S COMPLAINTS WERE NOT OPPOSING DISCRIMINATION BASED UPON RACE OR NATIONAL ORIGIN

While to state a claim for retaliation plaintiff need not prove the underlying discrimination, the plaintiff still must show that she had a reasonable belief that she was opposing activity protected by the law. *Wimmer*, 176 F.3d at 134. Moreover, these complaints must be sufficiently clear to put the defendant on notice that she was complaining about discrimination based on race or national origin. *See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 291-92 (2d Cir. 1998).

Plaintiff here has failed to adequately allege that she was opposing discrimination based on race or national origin. Nowhere in her Complaint does Plaintiff identify the race or national origin of any of the students that she allegedly complained about. Read liberally, the closest that Plaintiff comes in her complaint to alleging discrimination based on race or national origin is her allegation that certain bilingual students were denied English as a Second Language ("ESL") instruction. (Compl. ¶20.) Plaintiff does not allege anywhere in her Complaint that the she believed, let alone reasonably believed, that the reason certain students were not receiving ESL instruction was because of the race or national origin of those students. "It is fatal to [Plaintiff's] retaliation claims" that there no indication that the Defendants' alleged conduct towards the students was "racially motivated." *Lockett v. Bayer Healthcare*, No. C 05-03978 (CRB), 2008 U.S. Dist LEXIS 16173, at *20 (N.D. Cal. Mar 3, 2008) (dismissing retaliation claims because no reasonable person could believe that her complaints regarded race or national origin); *see Marcelin v. Eckerd Corp. of Fla.*, No. 8:04-CV-491-T-17MAP, 2006 U.S. Dist. LEXIS, 18097, at *28 (M.D. Fla. Apr. 10, 2006) (retaliation complaint dismissed as a matter of law because Plaintiff did not complain expressly about race or national origin).

12

Therefore, Plaintiffs' causes of action under § 1981, the NYSHRL, and NYCHRL for retaliation based on race or national origin should be dismissed because Plaintiff has failed to allege facts sufficient to show that she complained of discrimination based on race or national origin.[4]

## IV.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF SECTION 1983 FOR VIOLATION OF HER FIRST AMENDMENT RIGHTS.

Plaintiff has alleged a cause of action under § 1983 for retaliation, in violation of her First Amendment rights.  To state a claim, Plaintiff must allege (1) "that the defendant has deprived [her] of a right secured by the 'Constitution and laws' of the United States;" and (2) "that the defendant deprived [her] of this constitutional right 'under color of any statute, ordinance, regulation, custom or usage, of any State or Territory.'" *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To establish the first element, Plaintiff must show that: (1) her speech was constitutionally protected; (2) she suffered an adverse action; and (3) a causal connection existed between the speech and adverse action. *Zelnik v. Fashion Inst of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006).  To establish the second element she must show that ILCS acted "'under color of law.'" *Adickes*, 398 U.S. at 150.

Plaintiff's First Amendment retaliation claim under § 1983 should be dismissed because (1) Defendants did not act "under color of law" when they terminated Plaintiff's employment; and (2) Plaintiff's speech was not protected under the First Amendment.

---

[4] As discussed, in Section III.A. *supra*, Title VII only prohibits employment discrimination.  However, assuming, *arguendo*, that her complaints were covered by Title VII, to the extent that her claims are based on race or national origin this argument applies with equal force and her complaint should be dismissed.

60323873_4.DOC

## A.  DEFENDANTS DID NOT ACT "UNDER COLOR OF LAW" WHEN THEY TERMINATED PLAINTIFF'S EMPLOYMENT

In determining whether a private employer has acted under color of law so as to support a claim under § 1983, the ultimate question is whether "the seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Factors to be considered in determining whether a defendant has acted under the color of the law include "receipt of state funding, the extent of state regulation," and whether the entity performs a function that has been "traditionally the exclusive prerogative of the state." *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-42 (1982) (quoting *Jackson*, 419 U.S. at 533).

In *Rendell-Baker*, the plaintiff teacher was employed at an independently operated private high school that was largely publicly funded. *Id.* at 832. In at least one year, nearly 99% of the operating budget came directly from the local school district and public funds. *Id.* The Court found that "the school's receipt of public funds [did] not make the discharge decisions acts of the State." *Id.* at 840. Although the school received virtually all of its funding from public sources, the Court found that such a fiscal relationship was "not different from that of many contractors performing services for the government." *Id.* at 843. Moreover, the plaintiff could not show that the school's decision to terminate him was "compelled or even influenced by any state regulation." *Id.* at 841.

In *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, No. CV-07-0635-PHX-FJM, 2007 U.S. Dist. LEXIS 95151, at *6 (D. Ariz. Dec. 17, 2007), the district court relying heavily on *Rendell-Baker*, found that a charter school did not act under the color of law when it terminated a teacher's employment. As was the case in *Rendell-Baker*, the *Caviness* court found that there was "no suggestion that the State . . . had any involvement in the decision not to renew

14

plaintiff's contract. . . . *Id.* The court noted further that "[a]s in *Rendell-Baker*, . . . the State . . . has relatively little involvement in the school's personnel matters." *Id.* There was "no evidence" that the charter school had "acted in concert or conspired with state actors, was subject to government coercion or encouragement, or was otherwise entwined or controlled by an agency of the State." *Id.* at *8.

The analysis in *Rendell-Baker* and *Caviness* is equally compelling here. Defendants are an independent high school authorized pursuant to the New York Education Law. The New York legislature has authorized such charter schools to "provide opportunities for teachers, parents, and community members to establish and maintain schools that operate *independently* of existing schools and school districts." N.Y. Educ. Law § 2850(2) (emphasis added). Charter schools are financed through a mix of public funds and private gifts, donations, and grants. N.Y. Educ. Law §§ 2856(1), (3). As in *Rendell-Baker* and *Caviness*, Plaintiff has not alleged that any state regulations "compelled or even influenced" the Defendants' decision to terminate Plaintiff. *Rendell-Baker*, 457 U.S. at 841; *see Caviness*, at *8. Indeed, under the New York Education Law, charter school employees are not considered "public employees" except under limited circumstances that are not applicable here.[5] N.Y. Educ. Law § 2854(3).

---

5.   N.Y. Educ. Law § 2854(3) states:

> An employee of a charter school shall be an employee of the education corporation formed to operate the charter school and not an employee of the local school district in which the charter school is located. An employee of a charter school shall be deemed to be a public employee solely for purposes of article fourteen of the civil service law, except for section two hundred twelve of such law, and for no other purposes unless otherwise specified in this article.

Article 14 of the Civil Service Law gives employees subject to the article the right of organization and representation. N.Y. Civ. Serv. L. § 200. The Education Law also specifies that charter school employees may be deemed employees of the local school district for the purpose of retirement benefits. N.Y. Educ. Law § 2854(3)(c).

15

The Eastern District's holding in *Scaggs,*, 2007 U.S. Dist. LEXIS 35860, at *40, is not inconsistent. In that case the court found that a charter school acted under the color of law for the purposes of a suit brought by parents and students "addressing the nature and quality of education" at the defendant charter school. *Id.* at *47. The court distinguished a case brought by parents and students from a case brought by a teacher alleging employment discrimination. *Id.* at *46-47. In such a case, the *Scaggs* court suggested that *Rendell-Baker* would be controlling:

> [b]y contrast to *Rendell-Baker*, in this instance the alleged claims concern not an employment action with regard to a single teacher, in which it may be fairly said that the state could be only minimally or tangentially involved; rather, the claims relate to the alleged total inadequacy of a school to provide free public education to its students while receiving state funding being bound to state educational standards and purporting to offer the same educational services and facilities as any other public school.

*Id.*

Here, like the plaintiffs in *Rendell-Baker* and *Caviness*, and unlike the plaintiffs in *Scaggs*, Plaintiff has brought an employment discrimination case. Her claim should be dismissed because it cannot be said that Defendants were acting under color of law when they terminated her employment.

## B.     PLAINTIFF'S SPEECH WAS NOT PROTECTED UNDER THE FIRST AMENDMENT.

To be protected under the First Amendment the employee must show that she was speaking "as a citizen, on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). If the plaintiff was not speaking as a citizen on a matter of public concern, then "the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." *Id.*

16

The Supreme Court has held that when an employee speaks pursuant to her job duties the employee's speech is not protected under the First Amendment. *Id.* at 421. It is of no matter as to whether the speech is of great public concern; so long as an employee has spoken pursuant to the employee's duties the employee's speech is not Constitutionally protected. *Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 692 (5th Cir. 2007) (citing *Garcetti*, 547 U.S. at 422). An employee, however, "may still be performing his job when he speaks, even if that expression is not demanded of him." *O'Dea v. Shea*, No. 3:04-cv-1214 (CFD), 2007 U.S. Dist. LEXIS 65101, *6-7 (D. Conn. Sep. 4, 2007) (quoting *Williams*, 480 F.3d at 693 (5th Cir. 2007)).

Here, even assuming, *arguendo*, that Defendants acted under "color of law," which they did not, Plaintiff has not shown that the speech for which she was allegedly retaliated against was constitutionally protected. Because Plaintiff has made statements "in her professional capacity . . . [and] in the course of her employment;" her statements are not protected by the First Amendment. *O'Dea,*. 2007 U.S. Dist. LEXIS 65101 at *8-9. *See also Williams*, 480 F.3d at 693 (holding that "[a]ctivities undertaken in the course of performing one's job are activities pursuant to official duties" in affirming grant of summary judgment against school athletic director who was removed from his position after complaining about the handling of school funds); *Brenes v. City of N.Y.*, 2007 U.S. Dist. LEXIS 84737 (E.D.N.Y. Nov. 9, 2007) (holding that communications by a school's dean with, among others, a special investigator regarding the school's attendance policy were not made as a private citizen and therefore not protected by the First Amendment).

In *Garcetti*, 547 U.S. at 414, the plaintiff deputy district attorney was reassigned and denied a promotion after he wrote a memo to his supervisors discussing his concerns that a police officer had lied in the process of obtaining a search warrant. The Supreme Court found

17

that the plaintiff's speech was not protected by the First Amendment, because the plaintiff had

written the memorandum "pursuant to his duties as a calendar deputy." *Id.* at 421. The plaintiff

did "not speak[] as [a] citizen[] for *First Amendment* purposes, and the Constitution d[id] not

insulate [his] communications from employer discipline." *Id.* (emphasis added)

As in *Garcetti*, Plaintiff here did not make the statements for which she was

allegedly retaliated against in her role as a citizen, but rather Plaintiff made those statements in

the course of her employment. Throughout her Complaint, Plaintiff makes clear that her

statements were made in her capacity and pursuant to her duties as a teacher. For example,

Plaintiff has alleged that:

- "Some of the students who plaintiff taught were special needs students . . . ." (Compl. ¶12.)

- "Defendants were required to accommodate the disabilities and special needs of *these* special needs students." (*Id.* at ¶13 (emphasis added).)

- "Plaintiff complained to Ruiz-Lopez that she was treating the special needs students in a discriminatory manner by preventing *plaintiff and other teachers* from accommodating and *properly instructing* the special needs students . . . ." (*Id.* at ¶17 (emphasis added).)

- "Plaintiff complained that *teacher requests* for IEPS [Individual Educational Plans] for students were denied." (*Id.* at ¶21 (emphasis added).)

- "Plaintiff complained that *teachers* were not informed of their responsibilities . . . ." (*Id.* at ¶23 (emphasis added).)

Because Plaintiff made her statements as a teacher "pursuant to [her] official

duties" she was not speaking as a private citizen. *Pearson v. Bd. of Educ.*, 499 F. Supp. 2d 575,

589 (S.D.N.Y. 2007) (citing *Garcetti*). *See, e.g., Pagani v. Meriden Bd. of Educ.*, 2006 U.S.

Dist. LEXIS 92267 (D. Conn. Dec. 19, 2006). Therefore her cause of action under § 1983 for

violation of her First Amendment rights should be dismissed.

18

**V.     PLAINTIFF'S CLAIMS UNDER TITLE VII, THE ADA, AND THE REHABILITATION ACT AGAINST DEFENDANT LOPEZ SHOULD BE DISMISSED BECAUSE INDIVIDUAL DEFENDANTS MAY NOT BE HELD LIABLE UNDER THESE STATUTES.**

It is well settled that individual defendants may not be held liable under Title VII, the ADA, or the Rehabilitation Act. *Tomka v. Seiler*, 66 F.3d 1295, 1313-14 (2d Cir. 1995); *Darcy v. Lippman*, No. 03 CV 6898 (KMW)(DCF), 2008 U.S. Dist. LEXIS 1817, at *12 (S.D.N.Y. Mar. 10, 2008); *Cerrato v. Durham*, 941 F. Supp. 388, 395 (S.D.N.Y. 1996). Nor may individual defendants be sued in their official capacity. *Scaggs*, 2007 U.S. Dist. LEXIS 35860, at *52 n.12 (citations omitted in original). Therefore all claims against Dr. Lopez under Title VII, the ADA, and the Rehabilitation Act must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against Defendants should be dismissed in its entirety.

Dated: New York, New York
      June 30, 2008

HUGHES HUBBARD & REED LLP

By:_____
    Jason Habinsky
    Alexander Bogdan
    One Battery Park Plaza
    New York, New York 10004
    habinsky@hugheshubbard.com
    bogdan@hugheshubbard.com
    (212) 837-6000

*Attorneys for Defendants International Leadership Charter School and Elaine Ruiz Lopez*

19

<u>CERTIFICATE OF SERVICE</u>

I, Alexander Bogdan, hereby certify that I am over the age of 18 years, not a party to this action, and that on this 30th day of June, 2008, I caused copies of the foregoing NOTICE OF MOTION, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS INTERNATIONAL LEADERSHIP CHARTER SCHOOL AND ELAINE RUIZ-LOPEZ'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6), AND AFFIRMATION OF ALEXANDER BOGDAN to be served on counsel for Plaintiff at the address listed below by first class mail and ECF.

I further certify under penalty of perjury that the foregoing is true and correct.

Jonathan Weinberger, Esq.
LAW OFFICES OF JONATHAN WEINBERGER
880 Third Avenue, 13th Floor
New York, NY 10022

*Attorneys for Plaintiff Aixa Rodriguez*

Executed June 30, 2008

_____/s/ Alexander Bogdan_____
Alexander Bogdan

60331617_1.DOC

<u>CERTIFICATE OF SERVICE</u>

I, Alexander Bogdan, hereby certify that I am over the age of 18 years, not a party to this action, and that on this 30th day of June, 2008, I caused copies of the foregoing NOTICE OF MOTION, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS INTERNATIONAL LEADERSHIP CHARTER SCHOOL AND ELAINE RUIZ-LOPEZ'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6), AND AFFIRMATION OF ALEXANDER BOGDAN to be served on counsel for Plaintiff at the address listed below by first class mail and ECF.

I further certify under penalty of perjury that the foregoing is true and correct.

Jonathan Weinberger, Esq.
LAW OFFICES OF JONATHAN WEINBERGER
880 Third Avenue, 13th Floor
New York, NY 10022

*Attorneys for Plaintiff Aixa Rodriguez*

Executed June 30, 2008

_____/s/ Alexander Bogdan_____
Alexander Bogdan

60331617_1.DOC