UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIXA RODRIGUEZ,

                                        Plaintiff,

                                                        Index No.:  08 CV 01012

            -against-

                                                        **AFFIRMATION OF**
                                                        **ALEXANDER BOGDAN**
INTERNATIONAL LEADERSHIP
CHARTER SCHOOL AND ELAINE-RUIZ-
LOPEZ,

                                        Defendant.

Alexander Bogdan, an attorney duly admitted to practice law in the State of New York, hereby affirms the following to be true under penalty of perjury:

1.      I am an attorney admitted to the bar of this Court and am associated with Hughes Hubbard & Reed LLP, attorneys for the International Leadership Charter School (the "School") and Elaine Ruiz Lopez (collectively, "Defendants") and submit this affirmation in support of Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

2.      I am fully familiar with the facts and circumstances set out below based upon my personal knowledge and my review of the files maintained by my law office.

3.      Attached as Exhibit A to this Affirmation is a true and correct copy of the Verified Complaint of Aixa B. Rodriguez served on the School on or about March 6, 2007 by the State of New York Division of Human Rights.

4.      Attached as Exhibit B to this Affirmation is a true and correct copy of the Determination and Order of Dismissal for Administrative Convenience of the Verified Complaint of Aixa B. Rodriguez, issued by the New York State Division of Human Rights on or about September 17, 2007.

5.      Attached as Exhibit C to this Affirmation is a true and correct copy of the Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission on or about November 6, 2007.

6.      Attached as Exhibit D to this Affirmation is a true and correct copy of the transcript of the Pre-Motion Conference held before this Court on June 10, 2008.

Dated: New York, New York
      June 30, 2008

_____
Alexander Bogdan

60327942_1.DOC

Mar 12 07 04:41p    International Leadership    7185622235    p.2



**STATE OF NEW YORK**
EXECUTIVE DEPARTMENT
**DIVISION OF HUMAN RIGHTS**
ADAM CLAYTON POWELL STATE OFFICE BUILDING
163 WEST 125TH STREET, ROOM 415
NEW YORK, NEW YORK 10027

**(212) 961-8650**
Fax: (212) 961-4425
www.dhr.state.ny.us

ELIOT SPITZER
GOVERNOR

KUMIKI GIBSON
COMMISSIONER DESIGNATE

March 6, 2007

International Leadership Charter School
2900 Exterior Street, Ste. 1R
Bronx, NY 10463

Re: <u>Aixa B. Rodriguez</u> v. International Leadership Charter
School
Case No. 10116442

Enclosed is a copy of a verified complaint filed with the
Division of Human Rights against you. This complaint, which
alleges an unlawful discriminatory practice in violation of the
New York State Human Rights Law, is being served upon you
pursuant to Section 297.2 of the Human Rights Law.

Please submit a response **in duplicate** to each and every
allegation in the complaint, complete the enclosed Respondent
Information Sheet, and return the response and Information Sheet
to the Division, at the address above, **within fifteen (15)
calendar days from the date of this letter.** The Division will
not extend the time for this response, unless good cause is
shown in a written application, submitted at least five (5)
calendar days prior to the time the response is due. **Failure to
respond could result in an adverse finding against you, which
would be shared with, among others, the Secretary of State and
the applicable State licensing agencies that govern your
business.**

Anyone who willfully resists, prevents, impedes or
interferes with the Division's investigation shall be guilty of
a misdemeanor punishable by imprisonment, by fine, or by both.
Human Rights Law § 299.

As the enclosed information sheet provides, the Division
will conduct a prompt investigation, based on the complaint and
your response, which may include interviews with your
representatives and the collection of documents. The Division

# EXHIBIT A

expects your full cooperation in this investigation. After the investigation is completed, the Division will make a determination as to whether there is probable cause to believe that unlawful discrimination has occurred. You will be notified of this determination.

If you have any questions about the process generally, or how to submit your response, please call me at (212) 961-8650.

Very truly yours,

Wilson P. Ortiz
Acting Regional Director

Enclosures:
Verified Complaint
Respondent Contact Information Form
Information for Respondents

- 2 -

STATE OF NEW YORK
DIVISION OF HUMAN RIGHTS

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

AIXA B. RODRIGUEZ,

                              Complainant,

                  v.

INTERNATIONAL LEADERSHIP CHARTER
SCHOOL,

                              Respondent.

VERIFIED COMPLAINT
Pursuant to Executive
Law, Article 15

Case No.
**10116442**

Federal Charge No. 16GA701926

        I, Aixa B. Rodriguez, residing at 245 East Gunhill Road,
Apt. 6B, Bronx, NY, 10467, charge the above named respondent,
whose address is 2900 Exterior Street, Ste. 1R, Bronx, NY, 10463
with an unlawful discriminatory practice relating to employment
in violation of Article 15 of the Executive Law of the State of
New York (Human Rights Law) because of opposed
discrimination/retaliation.

        Date most recent or continuing discrimination took place is
3/3/2007.

        The allegations are:

### SEE ATTACHMENTS

Based on the foregoing, I charge respondent with an unlawful
discriminatory practice relating to employment because of
opposed discrimination/retaliation, in violation of the New York
State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title
VII of the Civil Rights Act of 1964, as amended (covers race,
color, creed, national origin, sex relating to employment).  I
hereby authorize SDHR to accept this verified complaint on
behalf of the U.S. Equal Employment Opportunity Commission
(EEOC) subject to the statutory limitations contained in the
aforementioned law(s).

I have not commenced any other civil action, nor do I have an
action pending before any administrative agency, under any state
or local law, based upon this same unlawful discriminatory
practice.


_____
Aixa B. Rodriguez


STATE OF NEW YORK  )
                   )  SS:
COUNTY OF          )

Aixa B. Rodriguez, being duly sworn, deposes and says: that
he/she is the complainant herein; that he/she has read (or had
read to him or her) the foregoing complaint and knows the
content thereof; that the same is true of his/her own knowledge
except as to the matters therein stated on information and
belief; and that as to those matters, he/she believes the same
to be true.


_____
Aixa B. Rodriguez


Subscribed and sworn to
before me this        day
of            , 20


_____
Signature of Notary Public


- 2 -

## 4. RESPONDENT

*Please provide information below regarding the party that discriminated against you ("Respondent").*

Name of Firm, Organization, or Individual Against Whom you are Filing: *(If you are naming a co-worker, supervisor, agent, etc., please also name the firm or organization.)*

Dr. Elaine Ruiz-Lopez International Leadership
Charter School
2900 Exterior Street Suite 1R
Street Address (Usually a Business Address)
Bronx, NY 10463
City, State, Zip Code (718)-562-2300
Telephone Number

## 5. DESCRIPTION OF DISCRIMINATION

*Please provide a brief description of the discrimination against you. Please try to be as specific as possible with respect to acts, dates, and names. Please write or print legibly, or attach a typed description.*

Verbally expressed concerns and objections regarding labor practice, special education and bilingual education, and disciplinary practices, led to harassment and humiliation. I filed a report with the New York State Education Department and went on record with VESID. An investigation was conducted and the findings were that all allegations were substantiated. (see attached) Prior to the results of this investigation, I was defamed, harassed and terminated. The CEO continues to defame my character and actively attempt to deny me unemployment benefits.

● Page    3

**6. EXECUTION OF COMPLAINT**

**Please read carefully before signing. Please be sure to sign this form in front of a notary public.**

Based on the foregoing, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

If you wish to file your complaint with a Federal agency, as well as with the New York State Division of Human Rights, please check the line below. This will protect and preserve your rights under Federal law.

      I also charge the above-named Respondent with violating the applicable Federal Statutes, if any, including but not limited to the Americans With Disabilities Act (covers disability related to employment); Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment); the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment); and/or Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing). I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Opportunity Commission, subject to the statutory limitations contained in the aforementioned law(s), and/or to forward it to the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained in the aforementioned law.

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

                             _Aura B Rodriguez_
                             *Sign your Full Legal Name*

Subscribed and Sworn to
Before me this 3rd day
of March, 2007

_____
Signature of Notary Public

      ANTHONY NKRUMAH
    Notary Public, State of New York
        No. 01NK6118606
     Qualified in Queens County
Commission Expires November 15 2008

                                                ● Page   4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

TO:
International Leadership Charter School
2900 Exterior Street, Ste. 1R
Bronx, NY 10463

PERSON FILING CHARGE:
    Aixa B. Rodriguez
THIS PERSON (Check one):
    Claims to be aggrieved [x]
    Files on behalf of other(s) [ ]
DATE OF ALLEGED VIOLATION:
    3/3/2007
PLACE OF ALLEGED VIOLATION:
    Bronx County
EEOC CHARGE NUMBER:
    16GA701926
FEPA CHARGE NUMBER:
    10116442

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

     [X]   Title VII of the Civil Rights Act of 1964
     [ ]   The Age Discrimination in Employment Act of 1967 (ADEA)
     [ ]   The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to
the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon expiration of any deferral requirements if this I a
Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an
investigation and await the issuance of the FEP Agency's final findings and orders. These
final findings and orders will be given weight by EEOC in making its own determination as
to whether or not reasonable cause exists to believe that the allegations made in the
charge are true.

You are therefore encouraged to cooperate fully with the FEP Agency. All facts and
evidence provided by you to the Agency in the course of its proceedings will be considered
by the Commission when it reviews the Agency's final findings and orders. In many
instances the Commission will take no further action, thereby avoiding the necessity of an
investigation by both the FEP Agency and the Commission. This likelihood is increased by
your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final decision and order of
the above named FEP Agency. For such a request to be honored, you must notify the
Commission in writing within 15 days of your receipt of the Agency's issuing a final
finding and order. If the Agency terminates its proceedings without issuing a final
finding and order, you will be contacted further by the Commission.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]    An Equal Pay Act investigation (29 U.S.C. §206(d)) will be conducted by the
       Commission concurrently with the FEP Agency's investigation of the charge.

[X]    Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION:  Opposed Discrimination/Retaliation

CIRCUMSTANCES OF ALLEGED VIOLATION:
       SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT

DATE: March 6, 2007

                        TYPED NAME OF AUTHORIZED EEOC OFFICIAL:
                        Spencer H. Lewis, Jr.

## Respondent Contact Information

Return to:
**NYS Division of Human Rights**
**Upper Manhattan Regional Office**
**163 West 125th Street, Room 415**
**New York, New York 10027**

Re:  Aixa B. Rodriguez v. International Leadership Charter School
     SDHR NO: 10116442

Correct legal name of Respondent: _____

_____

Federal Employer Identification Number (FEIN): _____

Contact person for this complaint:

Name: _____

Title:  _____

Street Address: _____

City/State/Zip: _____

Telephone No:    (_____) _____

 Do you have an attorney for this matter: Yes____ No____ If yes:

Attorney Name:   _____

Firm:            _____

Street Address:  _____

City/State/Zip:  _____

Telephone:       (_____) _____

Will you participate in settlement/conciliation? Yes____ No____
If yes, for this purpose please contact:

Name: _____ Telephone:(_____) _____
(Settlement discussions will not delay the investigation and
participation in settlement does not provide good cause for an
extension of time to respond to the complaint.)


_____    _____
Signature                            Date



STATE OF NEW YORK
EXECUTIVE DEPARTMENT
# DIVISION OF HUMAN RIGHTS
ADAM CLAYTON POWELL STATE OFFICE BUILDING
163 WEST 125TH STREET, ROOM 415
NEW YORK, NEW YORK 10027

(212) 961-8650
Fax: (212) 961-4425
www.dhr.state.ny.us

ELIOT SPITZER
GOVERNOR

KUMIKI GIBSON
COMMISSIONER DESIGNATE

## INFORMATION FOR RESPONDENTS
### CONCERNING COMPLAINT PROCEDURES OF
### NEW YORK STATE DIVISION OF HUMAN RIGHTS

The New York State Division of Human Rights is a State agency mandated to receive, investigate and resolve complaints of discrimination under N.Y. Executive Law, Article 15 ("Human Rights Law"). The Division's role is to fairly and thoroughly investigate the allegations in light of all evidence gathered.

## WHAT TYPES OF COMPLAINTS ARE HANDLED BY THE DIVISION OF HUMAN RIGHTS?

The Human Rights Law forbids discrimination in employment, apprenticeship and training, purchase and rental of housing and commercial space, places of public accommodation, certain educational institutions, and credit transactions. If a person feels that he or she has been discriminated against by of reason of race, color, creed, sex, age (not public accommodation), disability, national origin, marital status, familial status (housing only), conviction or arrest record (employment only), genetic predisposition (employment only), military status, or sexual orientation, or because he or she has opposed any practices forbidden under the Human Rights Law, that person may file a complaint with the State Division of Human Rights.

## HOW DOES A PERSON FILE A COMPLAINT?

Persons wishing to file a complaint of discrimination may contact the nearest regional office of the Division of Human Rights. The Human Rights Law requires that they must file such a complaint within one year of the alleged unlawful discriminatory act.

## WHAT IS THE INVESTIGATIVE PROCEDURE?

The Division represents neither the Complainant nor the Respondent. The Division pursues the State's interest in the proper resolution of the matter in accordance with the Human Rights Law. Complainant and Respondent can retain private counsel to represent them during the investigation, but such representation is not required.

Upon receipt of a complaint, the regional office will:

- Notify the Respondent(s). (A Respondent is a person or entity about whose action the Complainant complains. An employer must have four or more employees for the Human Rights Law to apply.)

- Resolve issues of questionable jurisdiction.

INFORMATION FOR RESPONDENTS
CONCERNING COMPLAINT PROCEDURES OF THE NYS DIVISION OF HUMAN RIGHTS
Page 2

- Forward a copy of the complaint to the U.S. Equal Employment Opportunity Commission (EEOC) or the U.S. Department of Housing and Urban Development (HUD), where applicable. Such federal filing creates a complaint separate and apart from the complaint filed with the Division, although in most cases only one investigation is conducted pursuant to work-sharing agreements with these federal agencies.

- Investigate the complaint through appropriate methods (written inquiry, field investigation, witness interviews, requests for documents, investigatory conference, etc.), in the discretion of the Regional Director. The investigation of the complaint is to be objective.

- Allow the parties to settle the matter by reaching agreement on terms acceptable to the Complainant, Respondent and the Division. The Division will allow settlement from the time of filing until the matter reaches a final resolution.

- Determine whether or not there is probable cause to believe that an act of discrimination has occurred, if the matter cannot be settled prior to that Determination. The Division will notify the Complainant and Respondent in writing of the Determination.

You, or your attorney, may review the Division's file in this matter, and may copy by hand any material in the file, or obtain photocopies at a nominal charge. The Complainant in this matter has the same right to review the file.

## WHAT IS THE DIVISION'S POLICY ON ADJOURNMENTS AND EXTENSIONS?

It is the Division's policy to investigate all cases promptly and expeditiously. Therefore, you are expected to cooperate with the investigation fully and promptly. No deadlines will be extended at any time during the investigation, unless good cause is shown in a written application submitted at least five (5) calendar days prior to the original deadline. Failure to comply could result in an adverse finding against you, which would be shared with, among others, the Secretary of State and the applicable State licensing agencies that govern your business.

## WHAT IS THE PROCEDURE FOLLOWING THE INVESTIGATION?

If there is a Determination of no probable cause, lack of jurisdiction, or any other type of dismissal of the case, the Complainant may appeal to the State Supreme Court within 60 days.

If the Determination is one of probable cause, there is no appeal to court. The case then proceeds to public hearing before an Administrative Law Judge. Under Rule 465.20 (9 N.Y.C.R.R. § 465.20), the Respondent may ask the Commissioner of Human Rights within 60 days of the finding of probable cause to review the finding of probable cause. Such application should be sent to the General Counsel of the Division and to the Complainant, and Complainant's attorney, if any.

## WHAT IS A PUBLIC HEARING?

A public hearing, pursuant to the Human Rights Law, is a trial-like proceeding at which relevant evidence is place in the hearing record. It is a hearing de novo, which means that the Commissioner's final decision on the case is based solely on the content of the hearing record. The public hearing is presided over by an Administrative Law Judge, and a verbatim transcript is made of the proceedings.

The hearing may last one or more days, not always consecutive. Parties are notified of all hearing sessions in advance, and the case may be adjourned to a later date only for good cause.

INFORMATION FOR RESPONDENTS
CONCERNING COMPLAINT PROCEDURES OF THE NYS DIVISION OF HUMAN RIGHTS
Page 3

Respondent can retain private counsel for the hearing, and, if Respondent is a corporation, is required to be represented by legal counsel. The Complainant can retain private counsel for the hearing, but is not required to do so. If Complainant is not represented by private counsel, the Division's counsel prosecutes the case in support of the complaint. Attorneys for the parties or for the Division may issue subpoenas for documents and to compel the presence of witnesses.

At the conclusion of the hearing sessions, a proposed Order is prepared by the Administrative Law Judge and is sent to the parties for comment.

A final Order is issued by the Commissioner. The Commissioner either dismisses the complaint or finds discrimination. If discrimination is found, Respondent will be ordered to cease and desist and take appropriate action, such as reinstatement, training of staff, or provision of reasonable accommodation of disability. The Division may award money damages to Complainant, including back pay and compensatory damages for mental pain and suffering, and in the case of housing discrimination, punitive damages, attorney's fees and civil fines and penalties. A Commissioner's Order may be appealed by either party to the State Supreme Court within 60 days. Orders after hearing are transferred by the lower court to the Appellate Division for review.

## WHAT IS A COMPLIANCE INVESTIGATION?

The compliance investigation unit verifies whether the Respondent has complied with the provisions of the Commissioner's Order. If the Respondent has not complied, enforcement proceedings in court may be brought by the Division.

## NOTICE PURSUANT TO PERSONAL PRIVACY PROTECTION LAW

Pursuant to the Human Rights Law, the Division collects certain personal information from individuals filing complaints and from those against whom a complaint has been filed. The information is necessary to conduct a proper investigation; failure to provide such information could impair the Division's ability to properly investigate the matter. This information is maintained in a computerized Case Management System maintained by the Division's Director of Information Technology, who is located at One Fordham Plaza, Bronx, New York, (718) 741-8365.

## PENAL PROVISION OF THE HUMAN RIGHTS LAW

The Human Rights Law contains the following penal provision:

"Any person, employer, labor organization or employment agency, who or which shall willfully resist, prevent, impede or interfere with the division or any of its employees or representatives in the performance of duty under this article, or shall willfully violate an order of the division or commissioner, shall be guilty of a misdemeanor and be punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both; but procedure for the review of the order shall not be deemed to be such willful conduct." Human Rights Law § 299.

## GENERAL INFORMATION

For a more detailed explanation of the process, see the Division's Rules of Practice (9 N.Y.C.R.R. § 465) available on our website www.dhr.state.ny.us. If you have any additional questions about the process, the investigator assigned to the case will be available to answer most questions.

# EXHIBIT B

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

AIXA B. RODRIGUEZ,
                              Complainant,

                    V.

INTERNATIONAL LEADERSHIP CHARTER
SCHOOL,
                              Respondent.

DETERMINATION AND
ORDER OF DISMISSAL FOR
ADMINISTRATIVE
CONVENIENCE

Case No.
10116442

Federal Charge No. 16GA701926

---

On 3/5/2007, Aixa B. Rodriguez filed a verified complaint
with the New York State Division of Human Rights ("Division")
charging the above-named respondent with an unlawful
discriminatory practice relating to employment because of
opposed discrimination/retaliation in violation of N.Y. Exec
Law, art. 15 ("Human Rights Law").

Pursuant to Section 297.3 of the Human Rights Law, the
Division finds that noticing the complaint for hearing would be
undesirable and the complaint, therefore, is ordered dismissed
on the grounds of administrative convenience for the following
reason(s):

Processing the complaint will not advance the State's human
rights goals, because the Complainant's attorney in a letter
dated September 10, 2007 notified the Division that his client
will be going into Federal Court.

Section 297.9 of the Human Rights Law provides that:

... where the Division has dismissed such complaint on
the grounds of the administrative convenience, ...
such person shall maintain all rights to bring suit as
if no complaint had been filed.

PLEASE TAKE NOTICE that any party to this proceeding may
appeal this Determination to the New York State Supreme Court in
the County wherein the alleged unlawful discriminatory practice

took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: *September 17, 2007*
       New York, New York

                              STATE DIVISION OF HUMAN RIGHTS


                     By: _____
                         Wilson P. Ortiz
                         Acting Regional Director

- 2 -

# EXHIBIT C

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Aixa B. Rodriguez<br>245 East Gunhill Road, Apt. 6B<br>Bronx, NY 10467 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2007-01926 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)    **Charging Party to Pursue Matter in Court.**

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that back pay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

11/6/07

| Enclosures(s) | Spencer H. Lewis, Jr.,<br>Director | (Date Mailed) |
|---|---|---|

cc:  International Leadership Charter School
2900 Exterior Street, Ste. 1R
Bronx, NY 10463
Attn: Human Resource Director

# EXHIBIT D

1       UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK

2

3 ------------------------------------X
               :

4 RODRIGUEZ,         :  08-CV-1012
               :

5       Plaintiff,   :
               :

6      v.      :  500 Pearl Street
               :  New York, New York

7 INTERNATIONAL LEADERSHIP CHARTER :
  SCHOOL, et al.,      :

8             :  June 10, 2008
        Defendants.  :

9 ------------------------------------X

10

      TRANSCRIPT OF CIVIL CAUSE FOR MOTION

11    BEFORE THE HONORABLE PAUL A. CROTTY
      UNITED STATES DISTRICT JUDGE

12

13 APPEARANCES:

14

 For the Plaintiff:    JONATHAN WEINBERGER, ESQ.

15

16

17

18 For the Defendants:   ALEXANDER WILLIAM BOGDAN, ESQ.
                JASON HABINSKY, ESQ.

19

20

21

 Court Transcriber:    SHARI RIEMER

22              TypeWrite Word Processing Service
              356 Eltingville Boulevard

23              Staten Island, New York 10312

24

25

Proceedings recorded by electronic sound recording,
transcript produced by transcription service

2

1              THE CLERK: This is the matter of <u>Rodriquez v.</u>

2  <u>International Leadership Charter School, et al.</u>, Docket Number

3  08-CV-1012.

4              Will the plaintiff please state your appearance for

5  the record?

6              MR. WEINBERGER: Jonathan Weinberger.

7              THE CLERK: For defendant.

8              MR. BOGDAN:  Alexander Bogdan and Jason Habinsky,

9  Hughes Hubbard & Reed on behalf of defendants.

10              THE COURT: Gentlemen, Mr. Weinberger, before I get to

11  the Hughes Hubbard motion seeking authorization to move to

12  dismiss, do you want to tell me a little bit about the

13  complaint, please?

14              MR. WEINBERGER: Yes.  My client was a teacher at a

15  charter school.  She was initially employed in July of 2006 in

16  preparation for the coming school year.  She was disturbed that

17  the school was not attending to the needs of special ed

18  students, IEP plans or individual education plans as mandated

19  by state education law for students who are disabled by virtue

20  of learning disabilities and also that the school did not

21  implement and have appropriate plans for bilingual students.

22              She tried internally to rectify the situation and

23  when she was unable to do so she filed a complaint with the

24  VESED which is -- grants New York State Department of Education

25  which monitors quality assurance and the --

3

1          THE COURT: When did she file the complaint?

2          MR. WEINBERGER: With the New York State Education

3   Department.

4          THE COURT: No.  When?

5          MR. WEINBERGER: In November.

6          THE COURT: Of 2006?

7          MR. WEINBERGER: Of 2006.  On November 27th of 2006 the

8   investigation from VESED came to the school, identified her as

9   coming from the school.  The school and the individual

10  defendant principal knew that it was the complaint of Ms.

11  Rodriguez that had resulted in the visit and audit by VESED.

12  Thereafter, on December 16, approximately three weeks later, my

13  client was fired.

14          Subsequently in January of 2007 as it's alleged also

15  in the complaint, the independent body that investigated this

16  complaint found that all of my client's complaints were

17  substantiated about the improper treatment and education but

18  learning disabled students and bilingual students.

19          So it's -- the complaint is in the first instance a

20  retaliation case for complaints about disability, national

21  origin and race discrimination because of the nature of the

22  students that she was complaining about were not being given

23  good services and it's also a First Amendment claim under

24  Garsetti quite clearly and the law has been developing in this

25  Circuit and we cite in our opposition, brief opposition letter

4

1  the cases which point out that if a government employee makes a

2  complaint which is not part of her job duty in the chain of

3  command and has been retaliated against that is not the kind of

4  conduct cut out of First Amendment protection by Garsetti.  So

5  we cited this by Judge Lynch where an employee of the city

6  agency complained to the IG of that agency and since that was

7  not part of the job duty of that employee it's considered

8  protection protected by the First Amendment.

9        Similarly --

10        THE COURT: I thought the Garsetti decision said if

11  you're not speaking out on matters of general interest or

12  public interest, like complaining about your job and -- that

13  complaints about your job and how your job is being

14  administered are not within the protection of the First

15  Amendment right.

16        MR. WEINBERGER: This case is squarely within the

17  public interest value and issue because she wasn't complaining

18  about the parts of her job.  She was complaining about a very

19  important public issue which was then vindicated by the

20  independent examination, namely that the disabled and bilingual

21  students were being given a bad deal.

22        THE COURT: Mr. Weinberger, are any of Ms. Rodriguez's

23  complaints about you say retaliation, national origin and First

24  Amendment; she's not complaining about racial discrimination as

25  directed at her; is she?

5

1              MR. WEINBERGER: No, she's not.

2              THE COURT: It's only at the students?

3              MR. WEINBERGER: That's correct.

4              THE COURT: Who's going to speak from Hughes -- thank

5    you, Mr. Weinberger.

6              MR. WEINBERGER: Thank you, Your Honor.

7              THE COURT: Who's going to speak from Hughes Hubbard?

8              MR. BOGDAN: I will, Your Honor, Alexander Bogdan.

9              THE COURT: Okay.  Go ahead.

10             MR. BOGDAN: The plaintiff in this case was a teacher

11   at the school for approximately three and a half months during

12   the school year and she was terminated after a three and a half

13   month history of misconduct.  She received warnings and the

14   school had received complaints about inappropriate sign-in

15   sheet given her students, inappropriate displays that she had

16   in her classroom, complaints from co-workers about her

17   inappropriate dress.  She was repeatedly late to school and was

18   given warnings about it and she failed to, among other things,

19   enter in all the grades for students at the end of the term so

20   that report cards were issued without grades for her students,

21   and it's because of those reasons and others that the school

22   terminated her.

23             THE COURT: None of that is relevant in a motion to

24   dismiss.

25             MR. BOGDAN: No, correct.  There are --

6

1          THE COURT: So you're saying you have good faith

2    reason.  When we get to the summary judgment stage you'll be

3    able to justify the termination.  How about at this stage?

4          MR. BOGDAN: Well, this stage I would like to move to

5    dismiss on a number of grounds.  First, the plaintiff is

6    required to plead that they exhausted their administrative

7    remedies under Title VII of the ADA, the Rehabilitation Act.

8    They didn't include that information in their complaint.  Mr.

9    Weinberger subsequently submitted in his letter, in the right

10   to sue letter they received from the EEOC.  However, that did

11   not address all of the claims that had been brought under Title

12   VII of the ADA and the Rehabilitation Act in the complaint.

13         THE COURT: When you say she failed to exhaust her

14   administrative remedies and yet somehow she has a right to sue

15   letter.

16         MR. BOGDAN: She raised an issue of retaliation to the

17   State Division but as it is alleged in the complaint she was

18   alleging unemployment discrimination based on race, national

19   origin and disability, hostile work environment based on those

20   things which weren't brought before the State Division.

21         THE COURT: So she can bring some of her claims but

22   not all of her claims?

23         MR. BOGDAN: Under the -- yes.  If the claims are not

24   reasonably related to those that are brought before the --

25         THE COURT: Well, Mr. Weinberger said she's bringing a

7

1  retaliation claim.  So if she has a right to sue letter from

2  the EEOC on retaliation, the question I'm posing to you now is

3  does she have a right to bring the retaliation claim.

4          MR. BOGDAN: I would -- possibly under the ADA. It's

5  unclear what the basis of retaliation under Title VII would be

6  on a complaint.  Again, it's -- the complaints that she made

7  didn't have anything to do with any racial discrimination based

8  on her own employment or at least the race, her own race isn't

9  alleged in the complaint --

10          THE COURT: Well, I asked Mr. Weinberger that and he

11  said it's got nothing to do with her race. It's got to do with

12  the race of the students.

13          MR. BOGDAN: The race of the students isn't alleged in

14  the complaint.

15          THE COURT: Bilingual education.

16          MR. BOGDAN: Yes, Your Honor.

17          THE COURT: Is that what you're --

18          MR. WEINBERGER: Yes, Your Honor.

19          THE COURT: So you got the failure to exhaust

20  administrative remedies, failure to file a notice of claim.

21  Tell me about that.

22          MR. BOGDAN: Yes, Your Honor.  Under the New York

23  Education Law to bring a claim against a school under the

24  Education Law you must within ninety days of the events that

25  gave rise to the claim file a notice of claim with the school

8

1 board or its officials.

2          THE COURT: Does that limit your right to bring a

3 federal cause of action?

4          MR. BOGDAN: No, it's the state causes of action.

5          THE COURT: The state cause of action, all right.

6 Failure to state a claim, I think I understand that.

7          How long do you need to make your motion?

8          MR. BOGDAN: We would need I would say twenty days,

9 Your Honor.

10          THE COURT: Today is the 10th.  That would be the 30th

11 of June.

12          Mr. Weinberger, how much time do you need to respond?

13          MR. WEINBERGER: I would like a month after that, Your

14 Honor.

15          THE COURT: Would July 28th be all right for you?

16          MR. WEINBERGER: That's fine.

17          THE COURT: That's 28 days.  Do you want to take the

18 31st?

19          MR. WEINBERGER: If I may have it.

20          THE COURT: We'll go to the -- you'll get a month.

21 The 31st.

22          Mr. Bogdan, then how much time for you to --

23          MR. BOGDAN: Two weeks would be fine.

24          THE COURT: Two weeks.  So we'll make that -- two

25 weeks would be -- we'll make that the 15th of August.  So June

9

1   30 to make the motion; August 31st for response; reply by August

2   15th.

3              Anything else, Mr. Weinberger?

4              MR. WEINBERGER: No, Your Honor.

5              THE COURT: Mr.  Bogdan?

6              MR. BOGDAN: Nothing else, Your Honor.

7              THE COURT: Thank you very much.

8              THE CLERK: All rise.

9                        *  *  *  *  *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

10

1      I certify that the foregoing is a court transcript from an

2  electronic sound recording of the proceedings in the above-

3  entitled matter.

4

5  _____

6                                          Shari Riemer

7  Dated:  June 19, 2008

<u>CERTIFICATE OF SERVICE</u>

       I, Alexander Bogdan, hereby certify that I am over the age of 18 years, not a party to this action, and that on this 30th day of June, 2008, I caused copies of the foregoing NOTICE OF MOTION, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS INTERNATIONAL LEADERSHIP CHARTER SCHOOL AND ELAINE RUIZ-LOPEZ'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6), AND AFFIRMATION OF ALEXANDER BOGDAN to be served on counsel for Plaintiff at the address listed below by first class mail and ECF.

       I further certify under penalty of perjury that the foregoing is true and correct.

Jonathan Weinberger, Esq.
LAW OFFICES OF JONATHAN WEINBERGER
880 Third Avenue, 13th Floor
New York, NY 10022

*Attorneys for Plaintiff Aixa Rodriguez*

Executed June 30, 2008

                      _____/s/ Alexander Bogdan_____
                            Alexander Bogdan