UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AIXA RODRIGUEZ

                         Plaintiff,


          - against-                                    Index No. 08 CV 01012
                                                              (PAC)

INTERNATIONAL LEADERSHIP
CHARTER SCHOOL  and ELAINE RUIZ-LOPEZ.

                         Defendants.
---------------------------------------------------------------x




**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**




                                        Law Offices of Jonathan Weinberger
                                            Attorneys for Plaintiff
                                          880 Third Avenue, 13th Fl.
                                          New York, New York 10022
                                              (212) 752-3380

# TABLE OF CONTENTS

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

I.    PLAINTIFF EXHAUSTED HER ADMINISTRATIVE REMEDIES WITH RESPECT
      TO TITLE VII AND THE ADA, AND NO EXHAUSTION WAS REQUIRED AS
      TO THE REHABILITATION ACT.
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.   THERE WAS NO NEED TO SERVE A NOTICE OF CLAIM BECAUSE
      PLAINTIFF SEEKS, IN PART, TO VINDICATE A PUBLIC INTEREST. NOR
      WAS PLAINTIFF REQUIRED TO SERVE A NOTICE OF CLAIM AGAINST
      THE INDIVIDUAL DEFENDANT AS DEFENDANTS HAVE MAINTAINED
      THAT EMPLOYEES OF CHARTER SCHOOLS ARE NOT PUBLIC SCHOOL
      EMPLOYEES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

III.  PLAINTIFF HAS STANDING AND HAS STATED A CLAIM FOR
      RETALIATION UNDER SECTION 1981 BASED ON HER COMPLAINTS OF
      DISCRIMINATION AGAINST BILINGUAL STUDENTS . . . . . . . . . . . . . . . . . .  8

IV.   A CHARTER SCHOOL IS A STATE ACTOR FOR PURPOSES OF SECTION
      1983 AND PLAINTIFF'S COMPLAINTS TO VESID REGARDING IMPROPER
      AND DISCRIMINATORY TREATMENT OF DISABLED AND BILINGUAL
      STUDENTS WAS NOT PART OF HER JOB DUTIES  . . . . . . . . . . . . . . . . . . . . .  9

V.    THE INDIVIDUAL DEFENDANT IS LIABLE UNDER THE REHABILITATION
      ACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
AIXA RODRIGUEZ
                          Plaintiff,

                - against-                        Index No. 08 CV 01012
                                                         (PAC)

INTERNATIONAL LEADERSHIP
CHARTER SCHOOL  and ELAINE RUIZ-LOPEZ.

                        Defendants.
--------------------------------------------------------------x

<u>Preliminary Statement</u>

Employment discrimination complaints need only meet the requirements of "simplified notice pleading"  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002), and need not plead a prima facie case of discrimination. <u>Kassner v. 2nd Avenue. Delicatessen, Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007).

The detailed complaint herein is more than adequate to state claim.

I.    PLAINTIFF EXHAUSTED HER ADMINISTRATIVE REMEDIES WITH RESPECT TO TITLE VII AND THE ADA, AND NO EXHAUSTION WAS REQUIRED AS TO THE REHABILITATION ACT.

Plaintiff exhausted her administrative remedies. The within federal complaint alleges at paragraph 3 that "Plaintiff has fully complied with all prerequisites to jurisdiction in this court under applicable law."

Plaintiff filed a complaint with the New York State Division of Human Rights (the "SDHR") in March, 2007. A copy of the complaint is annexed as Exhibit1 to the Declaration of Plaintiff submitted herewith. The complaint was dual filed with the Equal Opportunity Commission (the "EEOC"). A copy of the "NOTICE OF CHARGE WHERE AN FEP AGENCY

1

WILL INITIALLY PROCESS" is annexed as Exhibit 2 to the Rodriguez declaration.

Defendants concede that the SDHR issued an administrative convenience dismissal and the EEOC issued a right to sue. See the Affirmation of Alexander Bogdan.

The SDHR complaint references the following:

1.    Plaintiff "opposed discrimination/retaliation" Exhibit 1, p.1, ¶1.

2.    "date most recent or continuing discrimination took place is 3/3/2007." Exhibit 1, p.1, ¶2.

3.    The complaint specifically refers to "attachments". Exhibit 1, p. 1, ¶3.

4.    The Complaint references Title VII, including "race, color, creed and national origin." Exhibit 1, p.1, ¶5.

5.    In the description of discrimination section, plaintiff states that she "verbally expressed concerns and objections regarding labor practice, <u>special education</u>, and <u>bilingual education</u>, and disciplinary practices, led to harassment and humiliation." (emphasis supplied) The foregoing is specifically a basis for her claim that plaintiff complained about discriminatory practices relating to disability, national origin and race. Exhibit 1, p.3, ¶5.

6.    Plaintiff further states she "filed a report with the New York State Educational Department and went on record with VESID. An investigation was conducted and the findings were that all allegations were substantiated (see attached)."Exhibit 1, p.3, ¶5.

7.    The attached letter from VESID confirms that the complaints that plaintiff made were with respect to disabled and bilingual students, and that violations were found with respect to the treatment of those students.

The EEOC charge states that:

1.    The complaint was dual filed. Exhibit 2, ¶2.

2.    "All facts and evidence provided by you to the Agency [the SDHR] in the course of its proceedings will be considered by the Commission [the "EEOC']..." Exhibit 1, ¶4.

3.    "BASIS FOR DISCRIMINATION: Opposed Discrimination/Retaliation". Exhibit 2, bottom of EEOC charge.

4.    "CIRCUMSTANCES OF ALLEGED VIOLATION: SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT" Exhibit 2, bottom of page. Thus, it is

clear that the EEOC charge incorporates the SDHR complaint, and that the SDHR complaint sets forth the specific factual basis that plaintiff was subject to retaliation because she complained about defendants' discriminatory treatment of disabled students and bilingual students of other national origins and races.

The administrative charges and the complaint allege that plaintiff was subjected to retaliation based on her complaints that special education and bilingual students were treated in a discriminatory manner. The complaint also seeks declaratory relief that the policies and practices of defendants were discriminatory as to these students based on their disability, race and national origin. See Complaint, "Wherefore clause", ¶1.

It is clear that the administrative charges are adequate, and sufficiently establishes that plaintiff was subject to retaliation based on her complaints that disabled students and students of other national origins and races were subject to discrimination by defendants.

The fact that the wrong box may have been checked is not dispositive[1], since the scope of a court complaint is not limited to the charge, but rather to the agency investigation that reasonably can be expected to grow out of the charge. Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)(allowing amendment of sex discrimination complaint to include claims of racial discrimination relating to the same unlawful conduct); Smith v. American President Lines, Ltd., 571 F.2d 102, 108, n.10 (2d Cir. N.Y. 1978 ("The scope of the judicial complaint in a Title VII action has generally been construed to be limited not to the words of the charge but to the scope of the EEOC investigation which can reasonably be expected to grow out

---

[1]There is no "box" for a Rehabilitation Act claim. Section 504 of the Act (29 USC §794), which bars discrimination by recipients of federal financial assistance. See, Houlihan v. Sussex Tech. Sch. Dist., 461 F. Supp. 2d 252, 257 (D. Del. 2006), ("Like the Americans with Disabilities Act (the "ADA"), Section 504 of the Rehabilitation Act includes an anti-retaliation provision which protects an individual engaged in a protected activity regardless of whether he or she is disabled. The elements required to establish a claim of retaliation under the Rehabilitation Act are the same as those required for a claim of retaliation under Title VII and the ADA.")(school psychologist subject to retaliation for complaining about treatment of disabled students)

of the charge of discrimination"); <u>Alonzo v. Chase Manhattan Bank, N.A.</u>, 25 F. Supp. 2d 455,

458-59 (S.D.N.Y. 1998) ("the failure to place a check mark in the correct box is [not] a fatal

error. In the context of Title VII, no one -- not even the unschooled -- should be boxed out."). As

the Court stated in <u>Coleman v. Bd. of Educ.</u>, 2002 U.S. Dist. LEXIS 619, 13-14 (S.D.N.Y. Jan.

15, 2002), *citing* <u>Bridges v. Eastman Kodak Co.</u>, 822 F. Supp. 1020, 1026 (S.D.N.Y. 1993),

"[a] plaintiff 'is not required to articulate in their EEOC charges the precise legal theories which

they will later assert in a Title VII lawsuit. Rather, a complainant filing an EEOC charge is only

required 'to describe generally the action or practices complained of.'". Moreover, the Second

Circuit has held that "because EEOC charges are generally filed by pro se parties not versed in

the vagaries of Title VII and its jurisdictional and pleading requirements, [the Court] has taken a

flexible stance in interpreting Title VII's procedural provisions,' so as not to frustrate Title VII's

remedial goals.'" Amin v. Quad/Graphics, Inc., 929 F. Supp. 73, 81 (N.D.N.Y. 1996) (quoting

Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991))." See also, <u>Gausmann v. City of Ashland</u>,

926 F. Supp. 635 (N.D. Ohio 1996) (allowing plaintiff, an applicant for a firefighter position, to

assert a gender discrimination claim although her EEOC charge alleged only age discrimination,

where the EEOC investigation could reasonably have been expected to expand to determine

whether the defendants discriminated against her on the basis of gender); <u>Latino v. Rainbo</u>

<u>Bakers, Inc.</u>, 358 F. Supp. 870 (D. Colo. 1973) (allowing amendment of complaint of national

origin discrimination to include sex discrimination).

    In addition, the administrative complaints herein clearly come within the first exception

articulated in <u>Butts v. City of New York Dep't of Hous. Pres. & Dev.</u>, 990 F.2d 1397, 1402-03

(2d Cir. 1993) (superceded on other grounds) ("the conduct complained of would fall within the

'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination"). The Second Circuit has described this exception as "essentially an allowance of loose pleading."Id. n6; Holtz v. Rockefeller & Co., 258 F.3d 62, 82-83 (2nd Cir. 2001);Francis v. City of New York, 235 F.3d 763, 766, n1 (2d Cir. N.Y. 2000)(" Notwithstanding some language to the contrary, see 990 F.2d at 1401, in Butts we actually held that two claims arising from uncharged, pre-charge conduct had been administratively exhausted by virtue of the fact that they fell within the scope of an investigation reasonably responsive to the charge. See id. at 1403"); Brown v. Coach Stores, 163 F.3d 706, 712 (2d Cir.1998)(disparate impact claim found reasonably related); Sherman v. N.Y. Pub. Library, 2008 U.S. Dist. LEXIS 36453, 10-11 (E.D.N.Y. 2008)(particulars set forth in an attachment to charge meets reasonable relation test).

Although it is clear that plaintiff has exhausted administrative remedies in compliance with the ADA and Title VII, such exhaustion was not required in this case as to plaintiff's claims under Section 505(a)(2) (29 USC §794a(a)(2)) of the Rehabilitation Act relating to entities, such as defendant, which receive federal funds, as opposed to federal employers. Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 437 F. Supp. 2d 1233, 1254-1255, reconsideration denied, U.S. Dist. LEXIS 61307 (Kansas  2006)(school therapist who was fired for complaining that disabled students were being subjected to discrimination not required to exhaust administrative remedies).[2]

---

[2] Section 505(a)(2) provides that no individual with a disability "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" that receives federal funding. 29 U.S.C. § 794(a). 437 F. Supp. 2d at 1256 (D. Kan. 2006). Section 504 of the Rehabilitation Act, at 29 U.S.C. §794(d), expressly incorporates the anti-retaliation provision of Section 503 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203, prohibiting retaliation against "any individual because such individual has opposed any act or practice made unlawful by this chapter..."

5

Charter schools receive federal funds and are subject to the Rehabilitation Act. Scaggs v. New York State Dep't of Educ., 2007 U.S. Dist. LEXIS 35860., n. 14 (E.D.N.Y. 2007); Education § 2856 (1)(b)(" The school district shall also pay directly to the charter school any federal or state aid attributable to a student with a disability attending charter school in proportion to the level of services for such student with a disability that the charter school provides directly or indirectly").

The case relied on by defendants, Hogarth v. New York City Health & Hosps. Corp., 2000 U.S. Dist. LEXIS 4590, 9-10 (S.D.N.Y. 2000) has no application here, because it cites Rehabilitation Act cases where the defendant was a federal employer defendant, rather than, as here, an employer who receives federal funds.

In sum, plaintiff has exhausted her administrative with respect to Title VII and the ADA, and had no need to do so with respect to the Rehabilitation Act.

II.    THERE WAS NO NEED TO SERVE A NOTICE OF CLAIM BECAUSE PLAINTIFF SEEKS, IN PART, TO VINDICATE A PUBLIC INTEREST. NOR WAS PLAINTIFF REQUIRED TO SERVE A NOTICE OF CLAIM AGAINST THE INDIVIDUAL DEFENDANT AS DEFENDANTS HAVE MAINTAINED THAT EMPLOYEES OF CHARTER SCHOOLS ARE NOT PUBLIC SCHOOL EMPLOYEES.

There was no need to serve a notice of claim because plaintiff seeks, in part, to vindicate a public interest.  Scaggs v. New York State Dep't of Educ., 2007 U.S. Dist. LEXIS 35860, 71-74 (E.D.N.Y. 2007); De Paoli v Board of Education , 92 A.D.2d 894, 459 N.Y.S.2d 883 In an (2d Dept. 1983)(employee challenging own reassignment in violation of tenure rights)

The complaint seeks, inter alia, a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, the State of

New York and the City of New York..." Complaint, Wherefore Clause, ¶1. Moreover,

The EEOC charge was sufficient to satisfy the state law notice of claim requirement. Kushner v.

Valenti, 285 F. Supp. 2d 314, 316-317 (E.D.N.Y. 2003)

The notice of claim provisions apply only to public schools and public school employees.

" New York law provides that no legal  action may be brought against the Dept. of Education or

its employees acting within the scope of their employment unless a notice of claim has been

served on the Dept. of Education within 90 days of the event giving rise to the claim. N.Y. Educ.

Law § 3813." Oparaji v. N.Y. City Dep't of Educ., 2005 U.S. Dist. LEXIS 13043, 33-35

(E.D.N.Y. June  2005)(emphasis supplied).

Defendants contend that employees of charter schools are not public school employees.

See Defendants' Brief, p. 15 Defendants state in their Brief: "Indeed, under New York Education

Law, charter school employees are not considered 'public employees' except under limited

circumstances that are not applicable here."   They then cite in their footnote 5 the limited

purposes for which charter school employees are public employees, none of which relates to the

decision by the individual defendant to retaliate and terminate plaintiff's employment. If that is

the case, there would be no need to file a notice of claim as to the individual defendant in this

case.

In sum, there was no need to file a notice of claim.

III.    PLAINTIFF HAS STANDING AND HAS STATED A CLAIM FOR RETALIATION
UNDER SECTION 1981 BASED ON HER COMPLAINTS OF DISCRIMINATION AGAINST
BILINGUAL STUDENTS

In <u>CBOCS West, Inc. v. Humphries</u>, 128 S. Ct. 1951 (U.S. 2008), the Supreme Court recently confirmed that an employee who claims that employer retaliated against the employee for complaining about discrimination to a third party, in this case another employee, states a claim under 42 U.S.C. § 1981. In <u>Hawkins v. 1115 Legal Serv. Care</u>, 163 F.3d 684, 693 (2d Cir. N.Y. 1998), the Second Circuit noted that this Circuit has permitted retaliation claims where a complaint has been made regarding discrimination to third parties, citing "In DeMatteis v. Eastman Kodak Co., 511 F.2d 306, 312 (2d Cir.) (white person, punished for attempting to vindicate rights of racial minorities, has standing to sue under § 1981), modified on other grounds, 520 F.2d 409 (1975)".

The Supreme Court has held that, while § 1981 does not use the word "race", the legislative history of the section was persuasive that it should be construed to forbid all "racial" discrimination in the employment context, at least where the intentional "racial" discrimination against the plaintiffs was "because of their ancestry or ethnic characteristics" irrespective of the color of their skins. <u>Saint Francis College v. Al-Khazraji</u>, 481 U.S.604, at 613, 107 S. Ct. at 2028 (1987).

Thus discriminatory conduct toward various ethnic/ancestry groups is cognizable. See, e.g., <u>Grillo v. New York City Transit Auth.</u>, 122 F. Supp. 2d 385, 391 (EDNY 2000) (Italian heritage. ); <u>Malhotra v. Cotter & Co.</u>, 885 F.2d 1305, 1308 (7th Cir. 1989) ( § 1981 redresses intentional discrimination because of Indian ancestry); <u>MacDissi v. Valmont Indus.</u>, 856 F.2d 1054, 1060 (8th Cir. 1988) ( § 1981 protection extends to people of Lebanese descent); <u>Davis v. Halpern</u>, 768 F. Supp. 968, 983 (E.D.N.Y. 1991) ( § 1981 supports claim of reverse discrimination brought by white student).

8

In <u>Ahmed v. Samson Management Corp</u>., 1996 U.S. Dist. Lexis 4924, the court permitted amendment of the complaint by an Egyptian plaintiff, who had alleged only "national origin" discrimination, to allege that he was subject to discrimination based on his "ancestry or ethnicity."

Discrimination based on bilingual status states a claim under Section 1981. <u>Aleman v. Milwaukee County</u>, 35 F. Supp. 2d 710, 715 (E.D. Wis. 1999).

In sum, plaintiff has standing and has stated a claim for retaliation under Section 1981.


IV.    A CHARTER SCHOOL IS A STATE ACTOR FOR PURPOSES OF SECTION 1983
AND PLAINTIFF'S COMPLAINTS TO VESID REGARDING IMPROPER AND
DISCRIMINATORY TREATMENT OF DISABLED AND BILINGUAL STUDENTS WAS
NOT PART OF HER JOB DUTIES

A charter school is a state actor for purposes of Section 1983. <u>Scaggs v. New York State Dep't of Educ.</u>, 2007 U.S. Dist. LEXIS 35860 (E.D.N.Y. 2007).

The case cited by defendants, <u>Caviness v. Horizon Cmty. Learning Ctr., Inc.</u>, 2007 U.S. Dist. LEXIS 95151, 6-7 (D. Ariz. 2007) is not to the contrary. First, the Arizona court was construing Arizona charter school law. Second, the <u>Caviness</u> court allowed that in circumstances similar to this case, where the teacher was complaining about discriminatory treatment of students, it would have found state action. It cited favorably a case very similar to the present one - namely, <u>Riester v. Riverside Cmty. Sch.</u>, 257 F. Supp. 2d 968, 972 (S.D. Ohio 2002) (teacher terminated in retaliation for her complaints about lack of school services for student).

In circumstances virtually identical to this case, the court in <u>Riester</u> found that the charter school acted under color of law. For the reasons stated in <u>Riester</u>, defendants in this case are to be deemed state actors: because the actions of charter schools are established by state statute;

9

because charter schools provide a free public education, representing a delegation to a private entity functions that are historically and exclusively governmental in nature; because defendant charter school was created with the help of the state, and did not involve, as in <u>Rendell-Baker,</u>   a private school that sells its services to governmental bodies; because defendant charter school is subject to rules and regulations which private schools are not; and because defendant charter school is "entwined with governmental policy", as it has been granted the authority to provide free public education to all students in a nondiscriminatory manner. In addition, defendants themselves acknowledge their public status, in asserting that defendant is a "public school" within the Education Law, requiring that a notice of claim be served.

Defendants cannot have it both ways. They cannot claim that they are "public school" for purposes of service of a notice of claim, but a merely private school for purposes of Section 1983.

The Education Law itself identifies a charter school as a public school and a state agent. Education Law § 2853(1)(c)  provides "A charter school shall be deemed an independent and autonomous <u>public school</u>, except as otherwise provided in this article. The charter entity and the board of regents shall be deemed to be the <u>public agents</u> authorized to supervise and oversee the charter school." (Emphasis supplied). Education Law § 2853(1)(d) provides "The powers granted to a charter school under this article constitute the performance of <u>essential public purposes and governmental purposes of this state</u>." (Emphasis supplied)

Employment policies of charter schools are also, unlike private schools, subject to specific state regulation, The state requires that hiring and personnel policies of defendant be approved, Education Law § 2851(2)(g), and that methods and strategies for serving students with

disabilities be approved, Education Law § 2851(2)(s). Education Law § 2854(e) provides that "
A charter school shall be subject to the provisions of articles six and seven of the public officers
law."

Furthermore, plaintiff is seeking a declaratory judgment that the action of defendants
with respect to the *students* was discriminatory, (See Complaint, "Wherefore clause, ¶1) and one
of the essential elements of the retaliation claim herein is that the actions of defendants were
discriminatory against the *students*. This case necessarily involves an adjudication of whether
there was discrimination against students, and not merely an individual teacher, and therefore
comes within the ambit Scaggs . In addition, the complaint of *retaliation* comes within the ambit
of Rendell-Baker, because state regulations "influenced" the termination of plaintiff, 457 U.S. at
841, as plaintiff's complaints about violations of state regulations motivated defendants actions
to terminate plaintiff and are an *essential* element of the retaliation claim. See VESID Letter,
Exhibit 1, p.5, ¶2("Attached is a description of each allegation indicated in the original
complaint letter along with the relevant regulatory citation and individual finding"), and ¶3("The
allegations are substantiated. Enclosed you will find the relevant regulatory citation and its
individual findings regarding each allegation of violations of special education law or
regulation.")

Clearly, defendants are state actors for purposes of Section 1983.

The complaints about treatment of students in this case are well within the protection of
the First Amendment.

First, plaintiff was speaking out on a matter of public concern. "When a public
employee's speech regards the existence of discrimination in the workplace, such speech is a

11

matter of public concern." Konits v. Valley Stream Cent. High Sch. Dist., 394 F.3d 121, 125 (2d Cir. 2005)(citing Feingold v. New York, 366 F.3d 138, 148 (2d Cir. 2004); Mandell v. County of Suffolk, 316 F.3d 368, 383 (2d Cir. 2003)).

Second, plaintiff was not speaking out pursuant to a job duty when she reported discrimination to an independent governmental agency. See, Rosenblatt v. City of New York, 2007 U.S. Dist. LEXIS 55853, 15-18 (D.N.Y. 2007)(employee's report to Inspector General was not a job duty and therefore protected by the First Amendment). Education Law 2581(g) requires that defendant charter school must file with the Education Department a "description of staff responsibilities." In this case, plaintiff's complaints were made to VESID, Special Education Quality Assurance, of the New York State Department of Education. Defendants do not and cannot show that plaintiff had a job duty to report violations of the Education Law and regulations to VESID. Plaintiff was not subject to a job requirement mandating that she report the illegal conduct of defendants with respect to the special education and bilingual students to VESID.

The cases cited by defendants have no application here. Pagani v. Meriden Bd. of Educ., 2006 U.S. Dist. LEXIS 92267, 11-12 (D. Conn. December. 19, 2006) (teacher was subject to a specific statutory job duty to report child abuse); Brenes v. City of New York, 2007 U.S. Dist. LEXIS 84737 (E.D.N.Y. November. 9, 2007)(First Amendment claims survive as to speech not required by official duties); Pearson v. Bd. of Educ., 499 F. Supp. 2d 575, 589 (S.D.N.Y. 2007)(plaintiff  affirmatively pled that the statements were made pursuant to official duties."); f job responsibilities." O'Dea v. Shea, 2007 U.S. Dist. LEXIS 65101, 8-9 (D. Conn. Sept. 4, 2007)(plaintiff admitted at her deposition that her complaints were part of her job duties).

In sum, as a charter public school, defendant acted under color of state law, and the complaints of plaintiff regarding improper and discriminatory treatment of disabled and bilingual students were as part of a report to an independent state agency and not as part of her job duties.

V.   THE INDIVIDUAL DEFENDANT IS LIABLE UNDER THE REHABILITATION ACT

Although the Second Circuit does not seem to have explicitly ruled on individual liability under the Rehabilitation Act, and there appears be conflicting decisions in the lower courts, the Circuit did affirm the decision of Judge Baer in Johnson v. New York Hospital, 897 F. Supp. 83 (S.D.N.Y. 1995) (allowing § 504 claim against individuals who were responsible for the discriminatory decisions), aff'd on other grounds, 96 F.3d 33 (2d Cir. 1996). To the extent that there is a requirement that the individual defendant played any role in deciding whether the charter school would accept federal funds, Smith v. University of New York, 1997 U.S. Dist. LEXIS 20782, 26-27 (W.D.N.Y. 1997), the individual defendant, as the CEO of the school, would surely have a role in such a decision.  *But see*, Meling v. St. Francis College, 1997 U.S. Dist. LEXIS 23693, (E.D.N.Y. 1997)(no individual liability under the Rehabilitation Act).

## CONCLUSION

For all of the foregoing reasons, plaintiff respectfully requests that  the relief set forth in the notice of motion of defendants be denied, together with costs, disbursements and attorney's fees, and such other and further relief as the Court seems just and proper.   If for some reason this Court is inclined to grant the motion to dismiss, plaintiff requests the right to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to properly document such additional facts as may be proper and required. 2 Broadway LLC v. Credit Suisse First Boston Mortg. Capital LLC, 2001 U.S. Dist. LEXIS 4875 (S.D.N.Y. 2001)("If any such

13

additional facts exist, plaintiff may seek leave to amend by a properly-supported motion pursuant

to Rule 15(a) of the Federal Rules of Civil Procedure.")

Dated: New York, New York
      July 30, 2008

                    Law Offices of Jonathan Weinberger
                        Attorneys for Plaintiff


                BY:   /S/ JONATHAN WEINBERGER
                Jonathan Weinberger  (JW-2425)
                880 Third Avenue, 13th Fl.
                New York, New York 10022
                (212) 752-3380

14