HUGHES HUBBARD & REED LLP
Jason Habinsky
Alexander Bogdan
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000

*Attorneys for Defendants International Leadership
Charter School and Elaine Ruiz Lopez*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AIXA RODRIGUEZ,

                        Plaintiff,

         -against-

INTERNATIONAL LEADERSHIP
CHARTER SCHOOL AND ELAINE RUIZ-
LOPEZ,

                        Defendant.

Index No.: 08 CV 01012

(PAC)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS
INTERNATIONAL LEADERSHIP CHARTER SCHOOL AND ELAINE RUIZ-LOPEZ'S
MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(B)(1) AND 12(B)(6)**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

I.     PLAINTIFF DID NOT EXHAUST HER ADMINISTRATIVE REMEDIES .................. 1

II.    PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM SHOULD NOT BE EXCUSED ............................................................................................................................ 2
      A.    Because Plaintiff Is Seeking Money Damages She Was Not Vindicating a Public Interest ................................................................................................. 2
      B.    Plaintiff's EEOC Charge Did Not Constitute a Valid Notice of Claim ................ 4
      C.    Plaintiff Was Required to Serve a Notice of Claim on Dr. Lopez ........................ 4

III.   PLAINTIFF HAS NOT STATED A RETALIATION CLAIM UNDER 42 U.S.C. § 1981 ............................................................................................................................ 5
      A.    Plaintiff Did Not Engage In Protected Activity. ................................................... 5
      B.    Plaintiff Failed To Allege The Race Or National Origin Of The Students. ........... 5

IV.   DR. LOPEZ IS NOT SUBJECT TO INDIVIDUAL LIABILITY UNDER THE REHABILITATION ACT ............................................................................................ 6

V.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER § 1983 FOR VIOLATION OF HER FIRST AMENDMENT RIGHTS ................................................ 7
      A.    Defendants Did Not Act "Under Color of Law" When They Terminated Plaintiff's Employment ......................................................................................... 7
      B.    Plaintiff's Speech Was Not Protected Under the First Amendment ...................... 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)............................................................................7

*Ahmed v. Samson Mgmt. Corp.*, No. 95 Civ. 9530 (MBM), 1996 U.S. Dist. LEXIS 4924
  (S.D.N.Y. Apr. 17, 1996)..................................................................................................6

*Aleman v. Milwaukee County*, 35 F. Supp. 2d 710 (E.D. Wis. 1999)................................................6

*Baker v. Monroe*, 47 F. Supp. 2d 371 (W.D.N.Y. 1999)...................................................................4

*Biggers v. Brookhaven-Comsewogue Union Free Sch. Dist.*, 127 F. Supp. 2d 452
  (E.D.N.Y. 2001)................................................................................................................3

*Bloom v. N.Y. City Bd. of Educ.*, No. 00 Civ. 2728 (HBP), 2003 U.S. Dist. LEXIS 5290
  (S.D.N.Y. Apr. 2, 2003)....................................................................................................3

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001).............................7

*Brewer v. Wis. Bd. of Bar Exam'rs*, No. 07-1440, 2008 U.S. App. LEXIS 5615 (7th Cir.
  March 13, 2008)................................................................................................................6

*Brown v. Massena Mem.*, No. 99-CV-1729, 2000 U.S. Dist. LEXIS 4819 (N.D.N.Y. Apr.
  11, 2000)............................................................................................................................4

*CBOCS West, Inc. v. Humphries*, 128 S. Ct. 1951, 533 U.S. __ (2008)...........................................5

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*, No. CV-07-0635-PHX-FJM, 2007 U.S.
  Dist. LEXIS 95151 (D. Ariz. Dec. 17, 2007)................................................................8, 9

*Cranley v. Nat'l Life Ins. Co.*, 318 F.3d 105 (2d Cir. 2003)..............................................................8

*Darcy v. Lippman*, No. 03 CV 6898 (KMW) (DCF), 2008 U.S. Dist. LEXIS 18170
  (S.D.N.Y. Mar 10, 2008)..................................................................................................7

*Davis v. Halpern*, 768 F. Supp. 968 (E.D.N.Y. 1991).......................................................................6

*DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306 (2d Cir. 1975).......................................................5

*De Paoli v. Bd. of Educ., Somers Cent. Sch. Dist.*, 92 A.D.2d 894 (2d Dep't 1983)....................3,4

*Garcetti v. Ceballos*, 547 U.S. 410 (2006).........................................................................................9

*Grillo v. N.Y. City Transit Auth.*, 122 F. Supp. 2d 385 (E.D.N.Y. 2000)..........................................6

*Harris v. Mills*, 478 F. Supp. 2d 544 (S.D.N.Y. 2007).....................................................................7

60376133_1.DOC

*Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998)..................................................5

*Hermele v. Union Free Sch. Dist. No. 23*, 167 A.D.2d 512 (2d Dept. 1990) .................................3

*Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974)......................................................................8

*Johnson v. N.Y. Hosp.*, 897 F. Supp. 83 (S.D.N.Y. 1995) ..............................................................6

*Johnson v. N.Y. State Ins. Fund*, No. 04 Civ. 4681 (LBS), 2005 U.S. Dist. LEXIS 12988 (S.D.N.Y. Jun. 29, 2005) ..........................................................................................................1

*MacDissi v. Valmont Indus.*, 856 F.2d 1054 (8th Cir. 1988)..........................................................6

*Malhotra v. Cotter & Co.*, 885 F.2d 1305 (7th Cir. 1989)..............................................................6

*Menes v. CUNY Univ.*, 92 F. Supp. 2d 294 (S.D.N.Y. 2000) ........................................................7

*Mills v. County of Munroe*, 59 N.Y.2d 307 (1983).........................................................................3

*Oparaji v. N.Y. City Dep't of Educ.*, No. 03 CV 4105 (NG) (VVP), 2005 U.S. Dist. LEXIS 13043 (E.D.N.Y. June 14, 2005) ...........................................................................................4

*Pacella v. Tufts Univ. Sch. of Dental Med.*, 66 F. Supp. 2d 234 (D. Mass. 1999) .........................8

*Patterson v. City of N.Y.*, No. 97 Civ. 7159 (AGS), 2000 U.S. Dist. LEXIS 5824 (S.D.N.Y. May 4, 2000)..................................................................................................................4

*Rosenblatt v. City of N.Y.*, 05 Civ. 5521 (GEL), 2007 U.S. Dist. LEXIS 55853 (S.D.N.Y. July 31, 2007).............................................................................................................................10

*Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) ................................................................................8

*Riester v. Riverside Cmty Sch.*, 257 F. Supp. 2d 968 (S.D. Ohio 2002)........................................8

*Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159 (3d Cir. 2001) .........................................................8

*Santiago v. Newburgh Enlarged City Sch. Dist.*, 434 F. Supp. 2d 193 (S.D.N.Y. 2006)................4

*Scaggs v. N.Y. State Dep't of Educ.*, No. 06-CV-0799, 2007 U.S. Dist. LEXIS 35860 (E.D.N.Y. May 16, 2007) ...........................................................................................2, 3, 4

*Spruill v. N.Y. City Health & Hosp.*, No. 06 Civ. 11362 (WHP), 2007 U.S. Dist. LEXIS 63093 (S.D.N.Y. Aug. 28, 2007) ............................................................................................2

*Sutherland v. N.Y. State Dep't of Law*, No. 96 Civ. 6935, 1999 U.S. Dist. LEXIS 7309 (S.D.N.Y. May 19, 1999)..............................................................................................................7

*Sybalski v. Indep. Group Home Living Program, Inc.*, No. 06 CV 4899 (JG), 2007 U.S. Dist. LEXIS 30097 (E.D.N.Y. Apr. 24, 2007)..................................................................8

*Tavarez v. Chem. Bank*, No. 97 CIV. 3681 (DLC), 1998 U.S. Dist. LEXIS 9249
(S.D.N.Y. Jun. 25, 1998) ...................................................................................................2

*Wallace v. Seacrest Linen*, No. 04 CV 6035 (GBD), 2006 U.S. Dist. LEXIS 53683
(S.D.N.Y. Aug. 2, 2006) ....................................................................................................2

*Wimmer v. Suffolk County Police Dep't*, 176 F.3d 125 (2d Cir. 1999) ............................................3

*Woodlock v. Orange Ulster B.O.C.E.S.*, No. 04 Cv. 5800 (CLB), 2006 U.S. Dist. LEXIS
45085 (S.D.N.Y. June 20, 2006), *rev'd*, No. 06-3412-cv, 2008 U.S. App. LEXIS
12780 (2d Cir. June 17, 2008) ...........................................................................................9

*Woodlock v. Orange Ulster B.O.C.E.S.*, No. 06-3412-cv, 2008 U.S. App. LEXIS 12780
(2d Cir. June 17, 2008) .................................................................................................9, 10

*Young v. Halle Hous. Assocs., L.P.*, 152 F. Supp. 2d 355 (S.D.N.Y. 2001) ....................................8

## STATUTES

42 U.S.C. § 1981 ............................................................................................................................5, 6

42 U.S.C. § 1983 .......................................................................................................................7, 8, 9

New York Education Law § 3813 ..............................................................................................2, 4, 7

60376133_1.DOC

## PRELIMINARY STATEMENT

Defendants International Leadership Charter School (the "School") and Dr. Elaine Ruiz Lopez ("Dr. Lopez") (collectively, "Defendants") submit this reply memorandum of law in further support of its Motion to Dismiss ("Mot. to Dismiss") the Complaint of Plaintiff Aixa Rodriguez. Plaintiff's Complaint is based on allegations that Defendants terminated her employment in retaliation for complaints Plaintiff made to a state agency regarding the School's treatment of certain students. Defendants moving papers demonstrated that the Complaint should be dismissed in its entirety for Plaintiff's failure to exhaust her administrative remedies, failure to file a Notice of Claim, and failure to state a cause of action. Plaintiff's opposing memorandum ("Opp.") does not provide any reason to deny Defendants' motion.[1]

I.    **PLAINTIFF DID NOT EXHAUST HER ADMINISTRATIVE REMEDIES.**

Plaintiff argues that she has exhausted her administrative remedies because her allegations of disability discrimination "can be reasonably expected to grow out of her" Title VII claims in her administrative complaint. (*See* Opp. at 3-5.) She argues that this "reasonably expected to grow out of" standard is "essentially an allowance for loose pleading." (*Id.* at 5.)

However, this "'loose pleading' does not stretch so far as to include a completely different sort of discrimination than that complained of in the EEOC charge." *Johnson v. N.Y. State Ins. Fund*, No. 04 Civ. 4681 (LBS), 2005 U.S. Dist. LEXIS 12988, at *6 (S.D.N.Y. Jun. 29, 2005). Courts have repeatedly held that a disability discrimination claim is not reasonably related to a claim of discrimination based on race or national origin contained in an

---

1. Plaintiff has not addressed Defendants' arguments that Plaintiff has failed to allege that she complained of activity protected by Title VII or that individuals are not subject to liability under Title VII or the Americans with Disabilities Act ("ADA"). (Mot. to Dismiss at 9-10, 19.) Plaintiff's causes of action under these statutes should be dismissed for the reasons discussed in Defendants' Motion to Dismiss.

administrative complaint. *See Wallace v. Seacrest Linen*, No. 04 CV 6035 (GBD), 2006 U.S. Dist. LEXIS 53683, at *5 (S.D.N.Y. Aug. 2, 2006); *Tavarez v. Chem. Bank*, No. 97 CIV. 3681 (DLC), 1998 U.S. Dist. LEXIS 9249, at *10 & n.2 (S.D.N.Y. Jun. 25, 1998) (stating "[a] charge of disability discrimination cannot reasonably be expected to grow out of a charge of discrimination based on national origin" and noting "[w]hile not controlling, it is nonetheless material that [plaintiff] checked off the box for national origin discrimination on the front of the EEOC form, but left the box[] for disability . . . blank"); *cf. Spruill v. N.Y. City Health & Hosp.*, No. 06 Civ. 11362 (WHP), 2007 U.S. Dist. LEXIS 63093, at *10-11 (S.D.N.Y. Aug. 28, 2007). Therefore Plaintiff's claims under the ADA and Rehabilitation Act should be dismissed.

## II.   PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM SHOULD NOT BE EXCUSED.

Plaintiff concedes that no Notice of Claim was served on Defendants, (*see* Opp. at 6,) and does not contest the applicability of the Notice of Claim requirement of New York Education Law § 3813[1] to charter schools. *See Scaggs v. N.Y. State Dep't of Educ.*, No. 06-CV-0799, 2007 U.S. Dist. LEXIS 35860, *69 n.17 (E.D.N.Y. May 16, 2007). Rather, Plaintiff attempts to show that the notice requirement was either excused or complied with. (*See* Opp. at 6-7.) These arguments are contrary to law and therefore her claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") should be dismissed.

### A.   BECAUSE PLAINTIFF IS SEEKING MONEY DAMAGES SHE WAS NOT VINDICATING A PUBLIC INTEREST.

Plaintiff attempts to characterize her claims for retaliation as a Complaint that seeks to vindicate a public interest, excusing her from her failure to file a Notice of Claim as required under New York law. (Opp. at 6-7.)

> While '[a]ll actions brought to enforce civil rights can be said to be in the public interest,' the Court of Appeals has reserved the exception to the notice requirement for cases where actions 'are brought to protect an important right,

> *which seek relief for a similarly situated class of the public, and whose resolution would directly affect the rights of that class or group.'*

*Scaggs,* 2007 U.S. Dist. LEXIS 35860, at *70. (citations omitted) (emphasis added). Where, as is the case here, a plaintiff has brought a claim for employment discrimination seeking money damages courts have routinely held that such a plaintiff is vindicating a private interest. *See e.g. Bloom v. N.Y. City Bd. of Educ.,* No. 00 Civ. 2728 (HBP), 2003 U.S. Dist LEXIS 5290, at *43 (S.D.N.Y. Apr. 2, 2003); *Biggers v. Brookhaven-Comsewogue Union Free Sch. Dist.,* 127 F. Supp. 2d 452, 455 (E.D.N.Y. 2001); *Mills v. County of Munroe,* 59 N.Y.2d 307, 312 (1983); *Hermele v. Union Free Sch. Dist. No. 23,* 167 A.D.2d 512, 512 (2d Dep't. 1990).

Plaintiff's reliance on *Scaggs* is misplaced. In *Scaggs,* the court held that a discrimination claim brought directly by a putative class of similarly situated students regarding a school's failure to provide them with adequate educational services sought to vindicate a public interest because any decision would necessarily implicate the rights of other students, a situation very different form the present one.[2] *Scaggs,* 2007 U.S. Dist. LEXIS 35860, at *73. *De Paoli v. Bd. of Educ., Somers Cent. Sch. Dist.,* 92 A.D.2d 894, 894 (2d Dep't 1983) also is inapposite. Any disposition in that case, brought by a teacher seeking to enforce tenure rights, would

---

2. Plaintiff argues that she is "seeking a declaratory judgment that the action of defendants with respect to the *students* was discriminatory." (Opp. at 11.) Plaintiff's Complaint, however, does not do this. None of the "counts" contained in the Complaint allege a cause of action on behalf of the School's students. (*See* Compl ¶¶ 32-45.) Count One alleges a violation of Plaintiff's First Amendment rights and Counts Two through Seven allege "unlawful discriminatory *employment* practices." (*Id.* (emphasis added).) Moreover, in the "WHEREFORE" Clause of her Complaint, Plaintiff did not request relief on behalf of anyone other than herself.

Further, Plaintiff's contention that "[t]his case necessarily involves an adjudication of whether there was discrimination against students" misconstrues the elements of a retaliation claim. (Opp. at 11.) *See Wimmer v. Suffolk County Police Dep't,* 176 F.3d 125, 134 (2d Cir. 1999). A plaintiff must prove that she had a reasonable belief that she was opposing unlawful activity prohibited under the statute, not that any discriminatory activity allegedly complained of actually occurred. *Id.* While Defendants maintain that Plaintiff could not have had a reasonable belief that she was engaging in a protected activity, no adjudication as to whether any discriminatory behavior against students actually occurred is necessary in this retaliation claim.

3

necessarily have impacted other similarly situated teachers. *See id.* Here, the only person impacted in this retaliation claim is the Plaintiff who is seeking damages for actions allegedly taken against her. (Compl. "WHEREFORE" Clause.)

### B. PLAINTIFF'S EEOC CHARGE DID NOT CONSTITUTE A VALID NOTICE OF CLAIM.

Plaintiff's further argument that she complied with the Notice of Claim requirement under New York law by the filing of an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") also is incorrect. Courts have repeatedly held that an EEOC charge does not constitute a valid Notice of Claim. *See Santiago v. Newburgh Enlarged City Sch. Dist.*, 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006) (citing *Patterson v. City of N.Y.*, No. 97 Civ. 7159 (AGS), 2000 U.S. Dist. LEXIS 5824, at *7-8 (S.D.N.Y. May 4, 2000); *Brown v. Massena Mem.*, No. 99-CV-1729, 2000 U.S. Dist. LEXIS 4819, at *21 (N.D.N.Y. Apr. 11, 2000); *Baker v. Monroe*, 47 F. Supp. 2d 371, 374 (W.D.N.Y. 1999)).

For the foregoing reasons, and for the reasons discussed in Defendants' Motion to Dismiss, Plaintiff's causes of action under the NYSHRL and NYCHRL should be dismissed for her failure to comply with the Notice of Claim requirements of N.Y. Education Law § 3813.

### C. PLAINTIFF WAS REQUIRED TO SERVE A NOTICE OF CLAIM ON DR. LOPEZ.

Plaintiff argues that she was not required to serve a Notice of Claim on Dr. Lopez because Defendants contend under New York Education Law that charter school employees are "public school employees" only under limited circumstances. (Opp. at 7.) As discussed *supra* and in the Motion to Dismiss, charter schools are covered by the Notice of Claim requirements and are therefore applicable to Dr. Lopez as its CEO. *Scaggs*, 2007 U.S. Dist. LEXIS 35860, *69 n.17; *see Oparaji v. N.Y. City Dep't of Educ.*, No. 03 CV 4105 (NG) (VVP), 2005 U.S. Dist. LEXIS 13043, at *33-35 (E.D.N.Y. June 14, 2005).

4

### III. PLAINTIFF HAS NOT STATED A RETALIATION CLAIM UNDER 42 U.S.C. § 1981.

#### A. PLAINTIFF DID NOT ENGAGE IN PROTECTED ACTIVITY.

To state a cause of action for retaliation under 42 U.S.C. § 1981 ("§1981"), Plaintiff must allege that she engaged in activity protected under § 1981. *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 693 (2d Cir. 1998). Plaintiff's reliance on *CBOCS West, Inc. v. Humphries*, 128 S. Ct. 1951, 533 U.S. __, __ (2008) to argue that she has stated a claim under § 1981 is misplaced. In that case the Supreme Court addressed the limited issue of "whether [§ 1981] encompasses a complaint of retaliation against a person who has complained about a violation of another person's *contract-related* 'right.'" *Id.* at 1955. (emphasis added). Here, however, Plaintiff has not alleged any contractual right that she was allegedly seeking to vindicate nor has Plaintiff cited a single case allowing a retaliation claim to proceed under § 1981 on facts similar to the present situation. In every case cited by Plaintiff in support of her argument that she has standing to bring a claim under § 1981, the discrimination complained about was clearly based on a contractual right. *See CBOCS West, Inc.*, 128 S. Ct. 1951 (employment relationship); *Hawkins*, 163 F.3d at 693 (employment relationship); *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 312 (2d Cir. 1975) (sale of land). Accordingly her retaliation claims brought pursuant to § 1981 should be dismissed.

#### B. PLAINTIFF FAILED TO ALLEGE THE RACE OR NATIONAL ORIGIN OF THE STUDENTS.

Plaintiff has failed to adequately allege that she was opposing discrimination based on race or national origin. While plaintiff contends that "discriminatory conduct toward various ethnic/ancestry groups is cognizable [under § 1981]" the cases cited by Plaintiff on this point are readily distinguishable from the facts here. (Opp. at 8.) In every case cited by Plaintiff, the ethnicity or ancestry of the persons allegedly discriminated against was clear from the

5

allegations. *See id.* (citing *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1308 (7th Cir. 1989) (Indian ancestry); *MacDissi v. Valmont Indus.*, 856 F.2d 1054, 1060 (8th Cir. 1988) (Lebanese descent); *Ahmed v. Samson Management Corp.*, No. 95 Civ. 9530 (MBM), 1996 U.S. Dist. Lexis 4924 (S.D.N.Y. Apr. 17, 1996) (Egyptian plaintiff); *Grillo v. New York City Transit Auth.*, 122 F. Supp. 2d 385, 391 (E.D.N.Y. 2000) (Italian heritage); *Davis v. Halpern*, 768 F. Supp. 968, 983 (E.D.N.Y. 1991) (reverse discrimination brought by white student)). Here, plaintiff has not identified the race, national origin, or ethnic/ancestry group of *any* of the students who were allegedly discriminated against. (*See* Compl. ¶¶12-19.)

*Aleman v. Milwaukee County*, 35 F. Supp. 2d 710, 715 (E.D. Wis. 1999), which Plaintiff relies on for the proposition that bilingual status is protected under § 1981, does no better. In that case, bilingual status was directly tied to the Plaintiff's Latino ancestry.[3] *Id.* at 712. Where, as is the case here, a plaintiff fails to specify the race, national origin, ethnicity or ancestral group that has been discriminated against, a claim for retaliation based on race or national origin should be dismissed.

IV. **DR. LOPEZ IS NOT SUBJECT TO INDIVIDUAL LIABILITY UNDER THE REHABILITATION ACT.**

Plaintiff cites solely to *Johnson v. N.Y. Hosp.*, 897 F. Supp. 83 (S.D.N.Y. 1995) for the proposition that an individual may be subject to liability under the Rehabilitation Act. Although the Second Circuit may not have ruled on the issue,[4] this court is not bound by *Johnson*, and numerous courts in this district have more recently held that "[i]ndividuals may not be held

---

[3] It should also be noted, that in *Aleman*, like every other case relied on by Plaintiff, the right to make and enforce contracts was at issue. 35 F. Supp 2d at 712. Even if this Court were to find that bilingual status is protected under § 1981, as discussed in Section III *supra*, Plaintiff has not engaged in activity protected by that statute.

[4] At least one Circuit has held that individuals are not liable under the Rehabilitation Act. *See, e.g., Brewer v. Wis. Bd. of Bar Exam'rs*, No. 07-1440, 2008 U.S. App. LEXIS 5615, *2 (7th Cir. March 13, 2008).

liable, in either a personal capacity or an official capacity, under the Rehabilitation Act." *Darcy v. Lippman*, No. 03 CV 6898 (KMW) (DCF), 2008 U.S. Dist. LEXIS 18170, at *11 (S.D.N.Y. Mar 10, 2008) (citing *Harris v. Mills*, 478 F. Supp. 2d 544, 547-48 (S.D.N.Y. 2007)); *e.g. Menes v. CUNY Univ.*, 92 F. Supp. 2d 294, 306 (S.D.N.Y. 2000); *Sutherland v. N.Y. State Dep't of Law*, No. 96 Civ. 6935, 1999 U.S. Dist. LEXIS 7309, at *21-22 (S.D.N.Y. May 19, 1999).

V.  **PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER § 1983 FOR VIOLATION OF HER FIRST AMENDMENT RIGHTS.**

Plaintiff argues that she has stated a claim under 42 U.S.C. § 1983 ("§ 1983") for violation of her First Amendment rights because: 1) Defendants are state actors and as such are subject to suit under § 1983 because the state has designated charter schools to be "public schools" for certain purposes; and 2) Plaintiff's speech was not made pursuant to her job duties as a teacher. (Opp. at 9-13.) These arguments are contrary to the law and the facts present here.

A.  **DEFENDANTS DID NOT ACT "UNDER COLOR OF LAW" WHEN THEY TERMINATED PLAINTIFF'S EMPLOYMENT.**

To state a cause of action under § 1983, Plaintiff must show that the Defendants "acted under color of law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Plaintiff argues that because charter schools are defined as "public schools" under the Education Law, Defendants acted under color of law when they terminated Plaintiff. (Opp. at 10-11.) Further, Plaintiff argues that Defendants "cannot have it both ways" by claiming that the School is subject to the Notice of Claim requirement of N.Y. Education Law § 3813 but that Defendants are not state actors such that they would be liable under § 1983. (*Id.* at 10.)

Contrary to Plaintiff's arguments, it is well-settled that an entity's statutory characterization as "public" or "private" *does not* determine whether it is a state actor. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (it is "unequivocal" that an entity's "private characterization in statutory law" does not determine

7

whether such entity is immune from a claim under § 1983); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974); *Cranley v. Nat'l Life Ins. Co.*, 318 F.3d 105, 112 (2d Cir. 2003) ("A finding of state action may not be premised solely on the private entity's creation, funding, licensing, or regulation by the government").

While, as Plaintiff notes, the New York Education Law states that charter schools perform "essential public purposes," "the mere fact that a private entity's public function is 'essential' does not make the entity a state actor." *Sybalski v. Indep. Group Home Living Program, Inc.*, No. 06 CV 4899 (JG), 2007 U.S. Dist. LEXIS 30097, *16 (E.D.N.Y. Apr. 24, 2007). The "proper test is whether a private entity has exercised 'powers traditionally and exclusively reserved to the States.'" *Id.* (quoting *Jackson*, 419 U.S. at 353); *see Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982). Numerous courts have held that educational institutions were not engaged in the use of powers that have been "exclusively and traditionally public." *See, e.g., id.*; *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165 (3d Cir. 2001); *Pacella v. Tufts Univ. Sch. of Dental Med.*, 66 F. Supp. 2d 234, 243 (D. Mass. 1999); *cf. Young v. Halle Hous. Assocs., L.P.*, 152 F. Supp. 2d 355, 366 (S.D.N.Y. 2001) (noting that "education is not the 'exclusive province of the State'" in finding that operators of a "supportive housing" facility were not state actors).

Plaintiff relies on *Riester v. Riverside Cmty. Sch.*, 257 F. Supp. 2d 968, 972 (S.D. Ohio 2002) to argue that Defendants are state actors. However, in the face of contrary precedent, the *Riester* court improperly determined that the provision of education is "an historical, exclusive, and traditional state function" and that Ohio's classification of the defendant as a "public school" "end[ed] the inquiry" as to whether the school was a state actor. *Id.* at 712. However, as discussed *supra*, the Supreme Court has made clear that statutory designation is *not* determinative of whether an entity is a state actor under § 1983. *See also Caviness v. Horizon*

8

*Cmty. Learning Ctr., Inc.*, No. CV-07-0635-PHX-FJM, 2007 U.S. Dist. LEXIS 95151, at *3 (D. Ariz. Dec. 17, 2007) ("[t]he nature of a legal entity for purposes of section 1983 is not determined by its statutory characterization"). Moreover, as discussed *supra*, a number of courts, including one in this district, have found that that the provision of education is not "an historical, exclusive, and traditional state function."

### B. PLAINTIFF'S SPEECH WAS NOT PROTECTED UNDER THE FIRST AMENDMENT.

Even assuming *arguendo*, that Defendants were state actors, Plaintiff has failed to show that her speech was protected by the First Amendment. When a public employee speaks pursuant to her job duties, that employee's speech is not protected by the First Amendment. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

Here, like the deputy district attorney in *Garcetti* who raised concerns regarding the truthfulness of a police officer, Plaintiff's alleged speech was made in her role of an employee and not "as a citizen, on a matter of public concern." *Id.* at 418. Likewise, in *Woodlock v. Orange Ulster B.O.C.E.S.*, No. 06-3412-cv, 2008 U.S. App. LEXIS 12780, *4 (2d Cir. June 17, 2008) ("*Woodlock II*") the Second Circuit recently held, under strikingly similar circumstances to those present here, that an educator's speech was not protected by the First Amendment when that educator complained that the defendants had provided education to special needs students "in violation of state regulations and contrary to requirements set forth in their Individual Education Plans." *Woodlock v. Orange Ulster B.O.C.E.S.*, No. 04 Cv. 5800 (CLB), 2006 U.S. Dist. LEXIS 45085, *17 (S.D.N.Y. June 20, 2006), *rev'd by Woodlock II*. In such circumstances, the Second Circuit held that "[i]n reporting her concerns, [the plaintiff] was 'perform[ing] the tasks [s]he was paid to perform'" and therefore failed to state a claim for violation of her First Amendment rights. *Woodlock II*, at *4 (quoting *Garcetti*, 547 U.S. at 422).

In the only case relied on by Plaintiff, *Rosenblatt v. City of New York*, 05 Civ. 5521 (GEL), 2007 U.S. Dist. LEXIS 55853 (S.D.N.Y. July 31, 2007), the plaintiff's job required her to "make determinations of eligibility for day care services." *Id.* at *16. The court found that her "reporting of fraud and corruption allegedly committed by her supervisors" was not made pursuant to her job duties because the plaintiff's "responsibility was to assess day care *applicants* for eligibility by certain standards." *Id.* at *16-17. Here, unlike *Rosenblatt*, Plaintiff's complaints concerned the treatment of those for whom her job duties required her to be responsible, her students. Like the court found in *Woodlock II*, Plaintiff's complaints about the provision of education to these students are not protected by the First Amendment.

Therefore, Plaintiff's cause of action under § 1983 for violation of her First Amendment rights should be dismissed.

## CONCLUSION

For the foregoing reasons, and for the reasons discussed in Defendants' Motion to Dismiss, Plaintiff's Complaint against Defendants should be dismissed in its entirety.

Dated: New York, New York
August 15, 2008

> HUGHES HUBBARD & REED LLP
>
> By: /s/
> Jason Habinsky
> Alexander Bogdan
> One Battery Park Plaza
> New York, New York 10004
> habinsky@hugheshubbard.com
> bogdan@hugheshubbard.com
> (212) 837-6000
>
> *Attorneys for Defendants International Leadership Charter School and Elaine Ruiz Lopez*

60376133_1.DOC

CERTIFICATE OF SERVICE

      I, Alexander Bogdan, hereby certify that I am over the age of 18 years, not a party to this action, and that on this 15th day of August , 2008, I caused copies of the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS INTERNATIONAL LEADERSHIP CHARTER SCHOOL AND ELAINE RUIZ-LOPEZ'S MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(B)(1) AND 12(B)(6) to be served on counsel for Plaintiff at the address listed below by first class mail and ECF.

      I further certify under penalty of perjury that the foregoing is true and correct.

Jonathan Weinberger, Esq.
LAW OFFICES OF JONATHAN WEINBERGER
880 Third Avenue, 13th Floor
New York, NY 10022

*Attorneys for Plaintiff Aixa Rodriguez*

Executed August 15, 2008

                              _____/s/ Alexander Bogdan_____
                                    Alexander Bogdan